Edith KOMLOS, as Administratrix of the goods, chattels and credits of Emery Komlos, deceased, Plaintiff,

v.

COMPAGNIE NATIONALE AIR FRANCE, Defendant.

United States District Court
S. D. New York.
June 29, 1955.

**364**

Frederick W. Scholem, New York City, for plaintiff.

Sutta & Frankel, and Theodore E. Wolcott, New York City, for Royal Indemnity Co.

Foley & Statt, New York City, for defendant.

BONDY, Chief Judge.

This is a motion by the Royal Indemnity Company for leave to intervene in this action as a party plaintiff. The action is for the recovery of damages for the death of Emery Komlos, who lost his life when a plane operated by defendant on which he was a passenger crashed in the Azores, Portugal. At the time of his death, Komlos, a resident of New York, was employed in New York and engaged in discharging the duties of his employment. Surviving Komlos were only his mother, Bertha Komlos, and a sister, Edith Komlos. On March 6, 1950, his mother received notice of an award of compensation, which is being paid by petitioner Royal as compensation carrier for Komlos' employer. On October 26, 1950, almost eight months after the award the sister commenced this action as administratrix. October 3, 1951, petitioner as statutory assignee under the New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 29, subd. 2, commenced an action against defendant for the recovery of damages for the wrongful death of Komlos. Defendant moved to dismiss petitioner's complaint—against it and for summary judgment dismissing the complaint in this action by the sister. The motion to dismiss petitioner's complaint was denied; the motion for summary judgment in this action was granted, which on appeal was reversed. See Komlos v. Compagnie Nationale Air France, 2 Cir., 209 F.2d 436, rehearing denied 209 F.2d 440, certiorari denied Compagnie Nationale Air France v. Komlos, 348 U. S. 820, 75 S.Ct. 31. The court stated that under Portuguese law there may be a recovery of "moral damages" as well as damages for wrongful death, that only the part of the claim relating to recovery for damages for wrongful death was assigned to petitioner by Sec. 29, subd. 2, of the New York Workmen's Compensation Law, that to permit petitioner to sue on its assigned claim would split the cause of action for Komlos' death, that it would be against the policy of the New York Workmen's Compensation Law to permit such a splitting, and therefore that the entire cause of action should remain in plaintiff's hands. After this decision defendant moved again to dismiss petitioner's action against it. This motion was granted on the basis of the Circuit Court's opinion. Petitioner now moves to intervene in this action on the ground that under New York law it has a lien on any judgment plaintiff may recover in this action for the expenditures it has made, or will make, in paying compensation to Komlos' mother.

Petitioner is the owner of this cause of action by statutory assignment, and not a lienor. See N. Y. Workmen's Compensation Law, § 29, subds. 1 and 2. Moreover, intervention as a lienor by

petitioner in this action would only be permissive. See Fed.Rules Civ.Proc. rule 24(b), 28 U.S.C.A.; 4 Moore, Federal Practice, par. 24.10(2), pp. 60–61(2d ed.). Jurisdiction in this action is based on diversity. Permissive intervention in an in personam action in which jurisdiction is based upon diversity must be supported by independent grounds of Jurisdiction. See Durkin v. Pet Milk Co., D.C., 14 F.R.D. 374, 378–379; 4 Moore, Federal Practice, par. 24.18(1) and (3) (2d ed.). Petitioner is a New York corporation, and plaintiff is a resident of New York. Even though petitioner moved to intervene as a party plaintiff, realignment according to the respective interests of the parties to determine whether or not there is diversity would make petitioner a defendant because petitioner's alleged claim as a lienor is against plaintiff. Consequently, petitioner can not intervene as a lienor because there is no basis for jurisdiction.

Accordingly, the petition to intervene as a lienor is denied without prejudice to a motion for intervention as owner of the claim for damages for wrongful death.