**Hughie J. SHUMATE, Plaintiff,**

v.

**George WAHLERS and Sterling Structural Steel Co., a co-partnership, jointly and severally, Defendants.**

**Civ. A. No. 14750.**

United States District Court
E. D. Michigan, S. D.

June 4, 1956.

**174**

Edward Sanders, Detroit, Mich., for plaintiff.

Lacey, Jones & Doelle, Victor H. Hampton, Detroit, Mich., for defendants.

THORNTON, District Judge.

The matter before the Court is defendants' motion to dismiss the action or to order the joinder of the compensation insurance carrier for plaintiff's employer, said compensation insurance carrier, hereinafter referred to as the insurance carrier, allegedly having paid benefits to plaintiff on account of the injury which is the subject matter of this cause.

Jurisdiction exists by virtue of diversity of citizenship and the amount in controversy. At the time of the occurrence set forth in the amended complaint, September 29, 1952, plaintiff was employed as a structural steel worker by the J. J. Gunn Steel Erectors. While so employed he was injured, allegedly because of the negligence of defendants who were engaged in furnishing structural steel to be used in erecting a certain building being erected by J. J. Gunn Steel Erectors. Plaintiff filed his original complaint on September 7, 1955, and his amended complaint on September 27, 1955, these dates being three years to the month after the injury occurred.

Defendants' motion to dismiss is based on certain defenses set forth in their answer to the amended complaint, and is also based on their contention that the insurance carrier for plaintiff's employer is the real party in interest who must prosecute the action, rule 17, Fed. Rules Civ.Proc., 28 U.S.C.A., and on their contention that said insurance carrier has a joint interest such as to require joinder as a party plaintiff, rule 19, F.R.C.P. As to the defenses set forth in the answer, these present factual questions and are, therefore, not properly for our consideration at this time. As to the "real party in interest" and "necessary joinder" bases for the motion they must be considered.

We quote at the outset from the pertinent provisions of the applicable Michigan Statute, being M.S.A. § 17.189, as amended, Comp.Laws 1954 Supp.Mich. § 413.15:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the workmen's compensation commission, the injured employee, or in the event of his death, his known de-

pendents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.

\*　\*　\*　\*　\*　\*

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."

Defendants here contend that the action must be dismissed, or that the compensation insurance carrier must be added as a party plaintiff because, having paid some compensation benefits to plaintiff, it has a joint interest in any recovery by plaintiff. They contend that the action must be dismissed because the plaintiff is not the real party in interest, by reason of the payment of compensation, and hospital and medical bills by the insurance carrier.

We are informed by the parties that the point at issue here is one of first impression in this jurisdiction, and our own research has not brought to light any case involving this question under the 1952 amendment to the Michigan Workmen's Compensation Act, quoted above. A careful reading of the statute, however, convinces us that the statute does not contemplate that a defendant may compel the joinder of the insurance carrier as party plaintiff over objection by plaintiff, nor does it contemplate dismissal of plaintiff's action for failure to join the insurance carrier. The statute initially gives to an injured employee, or his dependents, or their personal representative, the right to proceed against a third party tort-feasor despite acceptance of compensation benefits. It then provides that the employer, or its insurance carrier, may bring such action if the injured employee, or his dependents, or their personal representative does not bring it within one year from occurrence of the injury. Further provisions are that "any party in interest shall have a right to join in said suit", and that any recovery against the third party shall first reimburse the employer or its insurance carrier for amounts paid or payable under the workmen's compensation act to date of recovery.

Taking these provisions together it is difficult to reach the construction urged by defendants. The injured employee is given the right to bring the action alone—no provision for necessary joinder of the insurance carrier. The insurance carrier is authorized to bring the action in the name of the injured employee after one year—no provision for necessary joinder of the employee. Any party in interest is then given a *right* to join in the suit—no right given to anyone to compel joinder of any party. Finally, the statute protects both the employee (or his dependents, or his personal representative) and the insurance carrier by providing for reimbursement of the employer or insurance carrier, and the balance to the employee (or his dependents, or his personal representative). This last provision would be unnecessary and superfluous if the statute contemplated that the suit should be prosecuted jointly by the employee and his employer's insurance carrier.

In our reading of the statute which authorizes this type of suit, the natural and compelling interpretation is

entirely contrary to that argued for by the defendants herein.

Resort to Rules 17 and 19 of F.R.C.P. does not, in our opinion, strengthen defendants' position. Defendants rely upon sub-section (a) of Rule 17 which provides as follows:

"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, *or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought*; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States." (Italics supplied.)

Defendants argue that the plaintiff himself is not the real party in interest, and such argument cannot possibly rest on solid ground. Plaintiff seeks damages far in excess of the compensation benefits paid him. He is certainly the real party in interest. As to the insurance carrier, it will be noted that the rule contains a provision that "a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought." As we read the Michigan statute, M.S. A. § 17.189, as amended, the employee may bring the action in his own name, for his own benefit, and for that of the insurance carrier who has paid him compensation benefits. If Rule 17(a) permits the bringing of an action by one party on behalf of another (when authorized by statute) it is all the more forceful in its application to a situation where the action is only partly on behalf of another, and mainly on behalf of the prosecutor of the action.

Defendants' reliance on Rule 19, F.R.C.P., as requiring joinder of the insurance carrier, is not well placed, in the opinion of this Court, in view of the provisions of Rule 17(a) and of the state statute pursuant to which this action is brought. Defendants cite the case of Muskegon Hardware & Supply Co. for Use and Benefit of Hardware Mut. Cas. Co. v. Green, 343 Mich. 340, 347, 72 N.W. 2d 52, 55, as authority for the proposition that the insurance carrier has such joint interest with the injured employee as to bring it within the purview of Rule 19. We do not think that the statement of the court in the Muskegon case can be so applied. The problem confronting the court there, though involving the same state statute, had to do with the statute of limitations in relation to adding as parties plaintiff the widow and personal representative of the deceased employee, where the action was originally brought by the employer for the use and benefit of its insurance carrier. The court viewed the question as being whether adding these parties added a new cause of action, and held that such addition was merely "the addition of parties having a joint interest with the original plaintiff in the proceeds of the recovery." We do not believe that such a statement may be lifted so completely out of one context and transferred to another in order to achieve a desired conclusion.

In view of the protection afforded the insurance carrier by the statute, both as to its right to join as party plaintiff and as to its right to participate in any recovery, in addition to its right to itself bring the action, under certain conditions, and in view of the provisions contained in Rule 17, F.R.C.P., we reach the conclusion that defendants herein are not entitled to have their motion granted, either as to dismissal or as to joinder.

An order may be presented accordingly.