Dexter KING, Plaintiff,

v.

CAIRO ELKS HOME ASSOCIATION, a corporation, and Cairo Elks Club, a corporation, Defendants.

Civ. A. No. 3515.

United States District Court
E. D. Illinois.

Oct. 31, 1956.

Harold M. Lingle, Anna, Ill., Davis V. Lansden, Cairo, Ill., for plaintiff.

Peyton Berbling, Cairo, Ill., for defendant Cairo Elks Club.

DeWitt Twente, Harrisburg, Ill., for defendant Cairo Elks Home Assn.

JUERGENS, District Judge.

This matter comes before this Court on the respective defendants' motion to dismiss the suit or in the alternative to require the plaintiff to join as party plaintiff his subrogation insurer, United States Fidelity and Guaranty Company. The respective motions being identical, they will herein be treated as one.

Jurisdiction in this Court exists by virtue of diversity of citizenship and the matter in controversy exceeding the sum of $3,000, 28 U.S.C. § 1332. The Complaint alleges that the Cairo Elks Home Association was the owner of certain real estate improved with a four-story building located in Cairo, Illinois; that the Cairo Elks Club leased from the Cairo Elks Home Association portions of the premises and other facilities throughout the building, including a television aerial located on the roof of the building; that the plaintiff was an employee of one Orval Ozment and T. A. Pritchett, Inc., who had a contract with the defendants for the repair of the television aerial and the installation of another aerial. That while working on the television aerial it broke and collapsed, causing plaintiff to fall to the roof of the building, charging the defendants with negligence and carelessness as a result of which the plaintiff was severely injured. The Complaint further alleges that under the Illinois Workmen's Compensation Act an award was made which was confirmed by the Circuit Court of Alexander County and paid by the United States Fidelity and Guaranty Company, insurance carrier of Ozment and T. A. Pritchett, Inc., but that in accordance with Rule 17(a) of the Rules of Civil Procedure, 28 U.S.C., said insurance carrier is not made a party to this action.

The defendants, by their motions, set up three reasons for dismissal of the Complaint; namely, first, that the plaintiff was paid workmen's compensation by the United States Fidelity and Guaranty Company for his alleged injury and that by reason of the provisions of Paragraph 138.5, Chapter 48, Illinois Revised Stat-

utes 1953, plaintiff's suit is barred by the statute of limitations since he failed to institute same within one year and nine months from the date of the alleged occurrence; that no negligence is shown which proximately caused or proximately contributed to cause the alleged occurrence as provided for by Paragraph 138.-5, Chapter 48, Illinois Revised Statutes 1953; that no facts have been stated showing that the accident arose out of and in the course of plaintiff's employment and that no facts are alleged showing that the plaintiff did not have knowledge of the alleged danger or in the exercise of ordinary care would not have had such knowledge.

The second ground for dismissal is based on the fact that the plaintiff has failed to join an indispensable party; namely, the United States Fidelity and Guaranty Company, a corporation, which is the real party in interest since the Complaint shows on its face that it paid workmen's compensation to the plaintiff as provided for by the Illinois Workmen's Compensation Act as insurer of plaintiff's employers and that, by reason thereof, it is a subrogee of said alleged employers and the plaintiff to the extent of such payment by reason of the provisions of Paragraph 138.5(b) supra and that this suit was instituted, is being maintained and controlled by the United States Fidelity and Guaranty Company as such subrogee insurer.

Third, in the alternative the defendants move the Court to require the plaintiff to bring in as additional party plaintiff either voluntary or involuntary the insurer, United States Fidelity and Guaranty Company, or that he make said company a party defendant because it is an indispensable party by reason of its being the real party in interest as aforesaid and having at least a joint interest in the alleged cause of action.

■ The defendants' first contention that the plaintiff's cause of action is barred by the statute of limitation in that same was not brought within one year and nine months after the occurrence is based upon Paragraph 138.5,

Chapter 48, Illinois Revised Statutes 1953, sub-section (b) which reads as follows:

" * * * In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee * * *."

Defendants contend that the above provision of the statute expressly provides that if the employee does not bring his action within the period prior to three months before it would be barred at law, that then the employer has a right to maintain it. In other words, that the employee's right to maintain the action is barred unless he institutes his suit within the period of one year and nine months from the date of the accident. This the statute does not say or mean. Section 15 of Chapter 83 Illinois Revised Statutes entitled Limitations provides as follows:

"Actions for damages for an injury to the person * * * shall be commenced within two years next after the cause of action accrued."

The provision of Section 138.5, supra, in no way alters the two-year limitation provided for in Chapter 83, supra, but simply gives protection to the employer by providing that if the employee for any reason fails, neglects or refuses to institute a proceeding against such third person at any time prior to three months before the action would be barred at law, that then the employer should have a right to institute such proceeding. In other words, it gives to the employee the sole privilege of instituting such proceeding, which privilege shall prevail for a period of one year and nine months after the occurrence in question and, if such employee fails, refuses or neglects to exercise his right or privilege as giv-

en him by the statute, then the employer, to enable him to protect his own rights, is given the right and privilege to file a suit as provided for in said section within the last three months prior to the running of the statute of limitations and nowhere can be found any provision which would shorten the two-year period within which the employee may bring his cause of action. According to the provisions of Chapter 83, supra, the time certain within which to bring a cause of action is two years. According to Section 138.5, Chapter 48, supra, the two years above provided for are broken down into periods definite, giving to the employee the unqualified right to file his suit against the third party within one year and nine months after the occurrence and the employer the coextensive and independent right to file within the last three months of the two-year period if the employee fails, refuses or neglects to file such suit. This, in the opinion of the Court, is the interpretation to be placed upon Section 138.5(b), supra. We have found no case in this jurisdiction in which this precise question has been passed upon, and counsel for the respective parties have not cited to this Court any case involving this particular question.

Point two of defendants' motion is grounded upon the proposition that the plaintiff has failed to join an indispensable party, United States Fidelity and Guaranty Company, a corporation, which is the real party in interest, it being the workmen's compensation carrier and having paid the award under the Act to the plaintiff and that as subrogee of said alleged employers it is the real party in interest to the extent of such payment by reason of the provisions of Paragraph 138.5(b), supra.

And under point three the defendants contend in the alternative that this Court require the plaintiff to bring in as additional party either voluntary or involuntary the United States Fidelity and Guaranty Company, a corporation, on the grounds that it is an indispensable party for the reasons stated. Points two

and three of the defendants' motion will be considered together.

Section (b), Paragraph 138.5, Chapter 48, Illinois Revised Statutes 1953 reads as follows:

"(b) Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act.

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit

684

is brought, filing proof thereof in such action. The employer may at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be. valid without the written consent of both employer and employee or his personal representative, except in the case of the employers. such consent ' shall not be required where said employer has been fully indemnified or protected by Court order.

"In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law, said employer may, in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act, and cost, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."

We are convinced from a reading of the statute that it does not contemplate the dismissal of the plaintiff's action for failure to join the United States Fidelity and Guaranty Company, a corporation, being the insurance carrier nor does it contemplate that the defendants may compel the plaintiff to join the insurance carrier as a party plaintiff over plaintiff's objection.

Defendants' reason for their motion to dismiss for failure to join an indispensable party, the United States Fidelity and Guaranty Company, a corporation, as a real party in interest is based upon Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C., which reads as follows:

"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

It is undoubtedly true as the defendants allege that the United States Fidelity and Guaranty Company does have an interest in any amount which may be recovered in the instant suit by reason of the fact that, as the compensation carrier for plaintiff's employers it was required and did pay to the plaintiff the compensation provided for by the Illinois Compensation Act, and by virtue of the statute, being Paragraph 138.5(b) of Chapter 48, above quoted, the United States Fidelity and Guaranty Company, a corporation, as subrogee of plaintiff's employers, "may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." The plaintiff herein, having sued for an amount far in excess of the amount he recovered under the Illinois Workmen's Compensation Act, certainly is the real party in interest and by no stretch of the imagination could it be said that the interest of the United States Fidelity and Guaranty Company, a corporation, is greater than that of the plaintiff herein

who, if he should recover an amount reasonably close to his ad damnum, would be more interested in the outcome of the suit than would the United States Fidelity and Guaranty Company, whose proportion of the amount recovered would certainly be less than that of the plaintiff.

Rule 17(a), Title 28, provides, " * * * a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought". Subsection (b) of Section 138.5 of Chapter 48 supra provides:

"(b) Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. * * *

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. * * *"

and does not contemplate that the plaintiff must join the compensation carrier as a party plaintiff, for the statute does not specifically provide that such should be done, but throughout said section provides that such actions may be brought by the employee or his personal representative and then adequately makes provisions for the protection of the employer by providing him with a lien upon any award or recovery by such employee from such third party and specifically provides, "The employer may, at any time thereafter join in said action

upon his motion so that all orders of court after hearing and judgment shall be made for his protection", leaving it to the discretion of the employer as to whether or not he wants to become a party to the suit. Further, it protects the employer by providing that "no release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order." As previously stated, Rule 17(a) provides that a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. Section 138.5 of Chapter 48, supra, authorizes the plaintiff to sue in his own name.

Section (b) of Paragraph 138.5, above quoted, in the first instance gives to the injured party or to his representative in the event death occurred, the right to institute legal proceedings against "such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act." The statute nowhere requires that the employer must be made a party and, in the Court's opinion, the reason therefor being that the statute amply protects the employer for reimbursement out of any amount which the plaintiff may recover to the extent that the employer has made payment as provided for in the Illinois Workmen's Compensation Act and for the further reason that the statute specifically provides that the employer may at any time join in the action upon his own motion, making it discretionary with the employer whether he wishes to join or not, realizing that he is sufficiently protected if he does not join. Also, it is provided that in the event that the employee does not institute suit within one year and nine months after the incident occurred that

**686**

the employer may in his own name, or in the name of the employee or his personal representative, commence a proceeding against such other person, there being no provision that in the latter event that the employer must join the employee in such suit. There would be no more reason to require the employee to be joined in a suit by the employer than it would be for the employer to be joined in a suit by the employee. Under the statute, regardless of who brings the suit, whether it be the employee or after one year and nine months the employer, each, in his own way, is protected by the statute, and it is the opinion of the Court that, because of the safeguards which the statute has given to each, the employer and the employee, in the event one or the other brings the suit, that it was not the contemplation of the statute that if the employee brought the suit that the employer was an indispensable party any more than if the employer brought the suit in his own name, which he could under the statute, that the employee had to be made a party. Shumate v. Wahlers, D.C., 19 F.R.D. 173.

If the defendants are liable to the plaintiff for negligence as alleged in the Complaint, what difference does it make to the defendants whether or not the subrogee insurance carrier is a party to the suit? Only one judgment and only one satisfaction thereof could be had, and there would be no advantage to the defendants if the insurance carrier would be brought into the suit as a party plaintiff except that such action might have an emotional effect upon the jury in arriving at a verdict. The liability of the defendants is not changed nor would they, with the safeguards provided for by the statute, be required to pay more than one judgment because of the injury sustained by the plaintiff if the plaintiff, in his suit against the defendants, proved the defendants negligent as alleged in the Complaint.

For the reasons stated above, the motions of the respective defendants to dismiss the suit or in the alternative to re-

quire the plaintiff to join as party plaintiff its subrogation insurer, the United States Fidelity and Guaranty Company, be and the same, are hereby denied.

Order accordingly.