John BRAUN, by John F. Braun, his guardian ad litem, Plaintiff,

v.

HASSENSTEIN STEEL COMPANY, a Corporation, Defendant.

Civ. No. 1119.

United States District Court
D. South Dakota, S. D.

Feb. 3, 1958.

Gale B. Braithwaite (of Cherry, Braithwaite & Cadwell), Sioux Falls, S. D., and Charles E. Carlsen, Jr. (of Carlsen & Greiner), Minneapolis, Minn., for plaintiff.

Ellsworth E. Evans (of Davenport, Evans, Hurwitz & Smith), Sioux Falls, S. D., and John P. McQuillen, Sioux Falls, S. D., for defendant.

MICKELSON, Chief Judge.

The plaintiff, John Braun, has brought this action by his father as guardian ad litem to recover from the defendant, Hassenstein Steel Company, damages for personal injuries, loss of earnings and medical expenses arising out of an accident allegedly caused by the negligence of the defendant. At the time plaintiff was injured he was in the employ of the Standard Construction Company at Worthington, Minnesota. According to

the undisputed facts set forth in an affidavit of counsel for the defendant, the employer's workmen's compensation insurance carrier, the United States Fidelity and Guaranty Company, has expended considerable amounts for the medical treatment of the plaintiff. Upon application by the defendant, the court has ordered the plaintiff to show cause why the insurance carrier should not be joined as a party plaintiff, and further, why the plaintiff should not be ordered to amend his complaint to separately state as a separate cause of action the amount sought to be recovered for medical treatment of the plaintiff. This is the matter now before the court.

No jurisdictional questions are involved should joinder be required.

Counsel for both parties agree that Rules 17(a) and 19 of the Federal Rules of Civil Procedure, 28 U.S.C.A. must determine the procedural aspect of the joinder question, and that the substantive interests which the insurance carrier has in this suit are governed by Minnesota statutes M.S.A. § 176.135, and M.S.A. § 176.061, subd. 5 and subd. 7, as amended by Laws 1953, c. 755.

M.S.A. § 176.135, establishes the employer's liability for furnishing all medical, surgical and hospital treatment that may be required by an injured employee, with no limitation other than that which the industrial commission determines is reasonable.

M.S.A. § 176.061, subd. 5, provides that where a third party may be liable for the damages caused by injury to the employee, the employee may institute legal proceedings against such third party notwithstanding the employer's liability to pay compensation. The interest of the employer is then protected by allowing him to deduct from the compensation payable by him the amount received by the employee in the suit against the third party, and by allowing him to intervene under certain circumstances. The employer is further protected by being permitted, when subrogated within the meaning of the statute, to maintain an action in his own name or in the employee's name, with the requirement that he pay to the employee all sums collected from the third party in excess of the amount of compensation for which he is liable.

M.S.A. § 176.061, subd. 7, provides an additional cause of action for the employer to recover amounts paid for medical treatment by stating in pertinent part:

"* * * but the employer shall have a separate additional cause of action against such third party to recover any amounts paid by him for medical treatment under this section resulting from the negligence of such third party. This separate cause of action of the employer may be asserted in a separate action brought by the employer against such third party or in the action commenced by the employe or the employer under this chapter, but in the latter case the cause of action shall be separately stated, the amount awarded thereon shall be separately set out in the verdict, and the amount recovered by suit or otherwise as reimbursement for medical expenses shall be for the benefit of the employer to the extent that the employer has paid or will be required to pay for medical treatment of the injured employe and shall not affect the amount of periodic compensation to be paid."

The defendant argues that the insurance carrier has two interests which require its joinder in this case: first, as an insurer subrogee under subd. 5; and, secondly, as the owner of a cause of action under subd. 7.

If this were a case in which the insurance carrier's interests were entirely those of a subrogee, we would be inclined to agree with the position taken by the plaintiff in his resistance to the proposed joinder. While the decisions are somewhat in conflict on the general

proposition of compulsory joinder of insurer subrogees, we attach much significance to the recent case of Braniff Airways, Inc. v. Falkingham, D.C.Minn. 1957, 20 F.R.D. 141. Judge Donovan, in his refusal to compel joinder in that case, had before him all of the principal authorities relied upon by the defendant in the instant case, namely, United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; Gas Service Co. v. Hunt, 10 Cir., 1950, 183 F.2d 417; National Garment Co. v. New York, C. & St. L. R. Co., 8 Cir., 1949, 173 F.2d 32; Koepp v. Northwest Freight Lines, D.C.Minn. 1950, 10 F.R.D. 524. The Braniff opinion, in distinguishing these authorities, points out that the statement in the Aetna case favoring joinder of insurer subrogees was a dictum addressed to a different factual situation; that is, where actions had been brought by insurer subrogees under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, and the government was confronted with a real possibility of a multiplicity of suits. The Hunt and Koepp decisions rely heavily on this dictum in Aetna, and both are extremely broad extensions of the Aetna case. The Koepp case is further limited to the construction of a Wisconsin statute making the employer and the employee joint parties in interest in the prosecution of the action. The matter of joinder was not raised by the parties in the National Garment case, and the statement of the court on joinder is merely dictum. While this court is in no position to ignore the dictum of our higher courts, a close study of these cases convinces us that there is no clear mandate to district courts to join insurer subrogees in actions which are brought by either the employee or the insured to recover for the full loss. Moreover, and making the above authorities less controlling than in the Braniff case, the employee here is specifically authorized by subd. 5 of M.S.A. § 176.061, to bring the subrogation action in his own name. This is the type of specific statutory authorization that is referred to by the following language of Rule 17(a):

"Every action shall be prosecuted in the name of the real party in interest; but * * * a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought * * *."

In this case the employee is the real party in interest except for the claim for medical expenses because it is he who possesses the primary right to be enforced and the major portion of the ad damnum is sought for his benefit. Rule 17(a), therefore, is all the more forceful in its application here because the employee, as the real party in interest and as statutory plaintiff, is bringing the action for his own benefit and for the benefit of the lesser and subrogated interest of the insurance carrier. Furthermore, if this action involved only the subrogated interest of the insurance carrier, such interest would be entirely dependent on the right of the employee to recover, and the Court would be in a position to accord complete relief between the parties within the meaning of Rule 19. Thus the defendant would be insulated from a duplicity of suits. Compulsory joinder of the workmen's compensation insurance carrier has been declined in the federal courts of two other jurisdictions which have similar subrogee provisions. King v. Cairo Elks Home Ass'n, D.C.E. D.Ill.1956, 145 F.Supp. 681; Shumate v. Wahlers, D.C.E.D.Mich.1956, 19 F.R. D. 173.

In this case, however, because of the provisions of subd. 7 of M.S.A. § 176.-061, we have an unusual situation. By this 1953 amendment, the Minnesota legislature has subjected the tortfeasor to a separate additional cause of action in favor of the employer when the employer has paid for the medical treatment of the employee. The Minnesota Supreme Court has not spoken on the construction of this statute, nor have we found a similar provision in any other jurisdiction. It appears to be, in part, an at-

tempt to correct a situation which existed prior to 1953 when litigants were unable to determine what portion of a general verdict awarding damages to the plaintiff was for medical expenses. See Dockendorf v. Lakie, 1953, 240 Minn. 441, 61 N.W.2d 752. Most significant to us, however, is the fact that the legislature saw fit to give the employer the right to separately sue the tortfeasor for expenses of medical treatment.

The plaintiff has taken inconsistent approaches in resisting joinder on the basis of the above provision. First, he argues that although the claim for medical expenses in his complaint is for the benefit of the insurance carrier, nevertheless the employee is authorized by statute to bring this action in his own name without joining the carrier within the meaning of Rule 17(a). We find no validity in this contention, because the wording of subd. 7 amounts to no more than statutory permission to join causes of action. The fact that a separate cause of action may be asserted in another action does not obviate the necessity of designating the possessor of each cause of action. There is a great deal of difference between subd. 5 which allows the employer's subrogation action to be brought "in the name of the employe" and subd. 7 which allows the employer's cause of action for medical expenses to "be asserted * * * in the action commenced by the employe". Rule 17(a) contemplates such a clear statutory expression that a judgment for or against the statutory plaintiff will bar further action on the part of the unnamed beneficiary. Under subd. 7 and the pleadings in this case, we cannot say that a judgment in favor of the defendant would in any manner affect the right of the insurance carrier to maintain its separate cause of action for medical expenses.

Secondly, the plaintiff argues that he brings this action for all his damages, including medical expenses, under subd. 5, and without reference to subd. 7. However, in the light of the fact that he has brought this suit claiming the sum of $100,000 for his medical expenses, in addition to his other damages, and considering that the insurance carrier has already expended large sums for plaintiff's medical treatment and is likely to bear the major burden of future medical treatment, which counsel for both sides have indicated may well total the amount claimed in plaintiff's complaint, we cannot agree with this argument. To permit plaintiff to continue this suit as a single action, in which a general verdict could be returned, would be to completely ignore the provisions of subd. 7, and the legislative purpose of its enactment. If plaintiff should contend that this difficulty could be corrected by amending his complaint or by submitting special verdicts under the present pleadings, it would be an admission that the insurance carrier is a real party in interest insofar as the claim for medical expenses is concerned. For all of the foregoing reasons, we find, therefore, that the insurance carrier is a real party in interest in this suit as to the claim for medical expenses and should be joined as a party plaintiff.

By so finding, we are not, as the plaintiff suggests, ordering the joinder of causes of action, because the essential elements of the separate cause of action for medical expenses are contained in the plaintiff's complaint. We are merely compelling the proper party plaintiff to be joined in the cause of action for medical expenses. While it is true that plaintiff has not previously set forth the two causes of action separately, as required by subd. 7, this has no bearing on whether or not the complaint actually contains two causes of action. The plaintiff can in no way benefit by a defect in his own pleadings. The complaint should be amended to separately state the causes of action in conformity with subd. 7.

The only other point raised by plaintiff is that in subd. 7, the separate additional cause of action for medical expenses is given to the "employer", and plaintiff contends that this would not include the employer's insurance carrier. The

recent Minnesota case of Lang v. William Bros. Boiler & Mfg. Co., Minn.1957, 85 N.W.2d 412, recognizes no distinction between the employer and the compensation insurance carrier, and in that case the insurance carrier was permitted to intervene under subd. 5, which gives " * * * the employer the right to intervene * * * ".

It will be the order of the court that the United States Fidelity and Guaranty Company, a corporation, be joined as a party plaintiff as to the cause of action against the defendant for all medical, surgical and hospital expenses, and that the complaint be amended to separately state as a separate cause of action the amounts claimed by the parties plaintiff for such expenses. All proceedings in this action will be stayed until said insurance carrier has entered its appearance herein as a party plaintiff by an appropriate pleading.

Counsel for defendant may prepare and submit an order in accordance with this memorandum decision, upon five days' notice to attorneys for the plaintiff.