Harold W. JOHNSON, Plaintiff,

v.

The STANDARD OIL COMPANY OF CALIFORNIA, a corporation, Defendant,

Certain Underwriters at Lloyd's, London, Subscribing C. V. Starr and Company Certificate No. 35–0671, Plaintiffs in Intervention.

Civ. A. No. A–22–62.

United States District Court
D. Alaska,
at Anchorage.

May 23, 1962.

Bell, Sanders & Tallman, Anchorage, Alaska, for plaintiff.

Plummer, Delaney, Wiles & Hayes, Anchorage, Alaska, for defendant.

Kay & Miller, Anchorage, Alaska, for intervenors.

HODGE, Chief Judge.

This is an action for damages for personal injuries suffered by plaintiff on account of negligence alleged on the part of the defendant Standard Oil Company of California, while plaintiff was employed by Weaver Brothers contractors, in October of 1960. Jurisdiction of the court is based on diversity of citizenship.[1] The case was originally filed in the Superior Court for the State of Alaska, Third Judicial District, and removed to this court by the defendant pursuant to the provisions of Section 1441, Title 28 U.S.C.A.

Plaintiffs in intervention have moved to intervene, by complaint in intervention, alleging that they were obliged to and did pay on account of the injury to the plaintiff under the provisions of the Alaska Workmen's Compensation Act, under a certificate of insurance with Weaver Brothers, Inc., the total sum of $6,374.55, asking to be subrogated to the extent of such compensation paid and for judgment against the defendant in said amount. The plaintiff has resisted the motion upon the grounds that no such subrogation by assignment to the insurance carrier is provided under the Alaska Workmen's Compensation Act except upon an award by the Alaska Workmen's Compensation Board, and that no such award is claimed in this case.

1. Section 1332, Title 28 U.S.C.A.

Section 30 of the Alaska Workmen's Compensation Act, being Chapter 193, SLA 1959, repealing former Section 43-3-30, ACLA 1949, provides as follows:

"(1) If, on account of a disability or death for which compensation is payable under this Act, the person entitled to such compensation believes that some person other than the employer is liable in damages, he may elect, by giving notice to the Board in such manner as the Board may provide, to receive such compensation or to recover damages against such third person.

"(2) Acceptance of such compensation under an award in a compensation order filed by the Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.

\* \* \* \* \* \*

"(9) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this Section."

Section 13(1) of the same Act further provides as follows:

"(1) Compensation under this Act shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer."

Although no Alaska decisions are found interpreting the 1959 amendment upon this point, the exact question here involved has been litigated and fully determined under the 1938 amendment to the Longshoremen's and Harbor Workers' Compensation Act, the language of which is identical with Sections 30 and 13(1) of the Alaska Act (except for the substitution of the word "Board" for the words "deputy commissioner" and "Secretary.")[2]

The leading case on this subject appears to be The Etna, (C.C.A. 3rd) 138 F.2d 37. In this case the plaintiff, Mitchell, was employed by the Jarka Corporation and was injured while unloading cargo from the vessel "Etna." Plaintiff accepted compensation under the Longshoremen's and Harbor Workers' Compensation Act and then brought suit against the "Etna" as a third party for damages on account of negligence. Plaintiff recovered a judgment of $12,000.00 and then refused to recognize his employer's claim for subrogation for the compensation and medical expenses it had paid. Jarka thereupon petitioned the admiralty court for leave to intervene in Mitchell's suit against the "Etna" and her owner for the purpose of having its right to subrogation determined out of the money due Mitchell on his judgment. Upon agreement of counsel the amount of the judgment which equalled the payments made by the employer was placed in the registry of the court awaiting determination of the matter of subrogation. The court allowed Jarka to intervene. By reason of the identity of the issues with this case I quote at some length from this opinion:

"The appellant contends (1) that the employer is not entitled to subrogation for the reason that the acceptance of the compensation paid the plaintiff was not 'under an award in a compensation order filed by the deputy commissioner' as provided for in Sec. 33(b) of the Longshoremen's Compensation Act and (2) that the District Court was without jurisdiction to hear and determine the employer's claim to subrogation on a petition to intervene in the plaintiff's suit in admiralty against the third persons." (page 39)

"As we have seen, Sec. 33(a) gives the injured employee a right to elect either 'to receive \* \* \* compensation or to recover damages against [a] third person' where the injury

2. Sections 933 and 914(a), Title 33 U.S.C.A.

for which compensation becomes payable is the fault of a third person. But Sec. 33(a) does not provide that the employee shall have a right to both compensation from his employer and damages from responsible third persons. This, it seems to us, is an implicit recognition that the employer has a right to reimbursement for his outlay under the Compensation Act out of his employee's adequate recovery from a third person in all cases regardless of whether the employer has become the assignee of the employee's right of action against a third person by paying compensation 'under an award' or has paid the compensation 'without an award' * * * " (page 40)

"No case has been cited, nor have we found any, which holds that an employer's right to reimbursement for compensation paid under the Longshoremen's Compensation Act for an injury for which third persons have been made to answer to the employee in substantial damages exists only where the compensation was accepted 'under an award in a compensation order filed by the deputy commissioner'. Were that to be construed as the meaning of the Act since the amendment in Sec. 33(b), then, indeed, would the intent of the Act, as expressed in Sec. 14(a), 33 U.S.C.A. § 914(a), be effectively thwarted. Sec. 14(a) provides that: 'Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, *without an award*, except where liability to pay compensation is controverted by the employer.' (Emphasis supplied.)" (Page 41.) [3]

"We find no intent indicated by the Act to take away from the employer who pays compensation with-

out an award his right to reimbursement out of his employee's recovery from third persons. On the contrary, we think that the intent and scheme of the Act requires that the employer's right to subrogation for compensation payments made in the circumstances here shown be recognized wholly apart from and without regard for the assignment provided for in Sec. 33(b) of the Act. It is only the right of control of the employee's right of action against third persons which an employer foregoes by paying compensation without an award. His right to reimbursement out of the recovery for the employee's injury remains unaffected." (Page 41)

"There remains the question whether the employer's right of subrogation may be enforced by his intervention in the employee's suit in admiralty against third persons. We think it can be. The right so to intervene and to claim the proceeds in the registry of the court are allowed respectively by Rules 34 and 42 of the Admiralty Rules, 28 U.S. C.A. following section 723." (Page 41) [4]

This case has been followed in a number of decisions, including Fontana v. Pennsylvania R. Co., (S.D.N.Y.) 106 F. Supp. 461, aff'd 2 Cir., 205 F.2d 151; Poleski v. Moore-McCormack Lines, (D. C.Md.) 21 F.R.D. 579; Oleszczuk v. Calmar Steamship Corp., (D.C.Md.) 163 F. Supp. 370. The Fontana case, in which the intervenor employer paid compensation to the injured employee, quotes from and discusses the Etna case, stating that:

"Though there is perhaps no ruling on the question as direct as that of The Etna, supra, its authority has been recognized in other

---

3. See Sec. 13(1), Alaska Act, supra.

4. The right of intervention is here claimed under the provisions of Rule 24(a) and

(b) Federal Rules of Civil Procedure, 28 U.S.C.A.

cases, including some in this and in the Eastern District."

These cases appear to have been decided upon equitable principles of the right of subrogation rather than upon the construction of the statute which plaintiff would place upon it, for to hold otherwise would thwart the whole purpose and scope of the right of subrogation protected by the statute. As was stated by the court in the Poleski case, in part:

"The fact that carrier's payment of medical expenses was not made under an award does not relieve plaintiff of his duty to reimburse carrier out of any recovery from defendant herein." (Citing The Etna and Lundberg v. Prudential Steamship Corp., D.C., 102 F.Supp. 115)

To the same effect involving the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306, where the insurance carrier was allowed to intervene in a third party suit, see Kelley v. Summers, (C.A. 10) 210 F.2d 665, in which the court stated (p. 673):

"Being subrogated in part to the rights of the widow of Jones, and Martin, against Kelley as a third party whose negligence was charged to be the proximate cause of death in one instance and injury in the other, the insurance company had sufficient interest in the subject matter of the litigation to intervene as a matter of right."

Plaintiff relies upon two decisions of the U. S. Supreme Court in which it is held, under the 1938 amendment to Section 33(a) of the Longshoremen's and Harbor Workers' Compensation Act, which provided that an injured workman "may elect" by giving notice to the deputy commissioner to receive compensation or to recover damages against a third person,[5] that after acceptance of compensation the employee could still sue a third party tort-feasor. American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011; Czaplicki v. The Hoegh Silver Cloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387. The American Stevedores case involved the acceptance of compensation without an award [6] and the Czaplicki case the accepting of compensation under an award. These decisions do not dispose of the issue raised in this case.

Plaintiff also complains that such intervention will tend to prejudice the jury by permitting the issue of insurance to be injected into the case. Upon this issue the opinion in the Poleski case states as follows:

"Entering the action to the use of the carrier to the extent of its payments will not prevent the jury from giving fair consideration to the plaintiff's case nor cause them to infer that an insurance company is pressing the claim."

This last cited case also holds that under the Federal Rules it is the better practice to make the insurance carrier an additional party plaintiff. This is exactly what is proposed by the intervention in this case.

Finding that the intervention must be allowed, the motion for leave to intervene is granted and the complaint in intervention may be filed accordingly.

5. This provision as to the election was eliminated in the 1959 amendment to the Act, which provides that the employee "need not elect" whether to receive compensation or to recover damages against a third person.

6. Under the prior language of the statute, the courts had held that acceptance of compensation precluded the employee from suing a third party tort-feasor. This decision holds that "mere acceptance of compensation, without an award, does not operate as an assignment to the employer of the injured employee's cause of action against a third-party tortfeasor," but that "the Act was never intended and has never been held to provide that after acceptance of compensation, and until an award, neither employer nor employee could sue the third-party tortfeasor."