EASTMAN KODAK COMPANY, a body corporate duly organized and existing under the laws of the State of New Jersey,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, a body corporate duly organized and existing under the laws of the State of Maryland.

Civ. No. 12980.

United States District Court
D. Maryland.

Feb. 17, 1964.

Benjamin C. Howard, Baltimore, Md., for plaintiff.

Rignal W. Baldwin, Peter Parker, and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

The complaint in this case seeks a declaratory judgment that a liability policy issued to plaintiff by defendant covers plaintiff's liability to others for their property damage caused by an explosion at plaintiff's factory in Sullivan County, Tennessee, on October 4, 1960. Defendant contends that the explosion was excluded from the coverage of its policy by an endorsement thereto. A number of excess liability policies, called by the parties "umbrella policies", were issued to plaintiff in "layers" by various excess insurers. In its answer to the complaint defendant claimed that the ex-cess insurers were (a) indispensable parties, and (b) real parties in interest, who should be joined as parties plaintiff herein. Defendant is not now pressing its claim that the excess insurers are indispensable parties under Rule 19, but does contend that all or some of them are real parties in interest under Rule 17, and should be joined as parties plaintiff. See Rule 21.

To gain support for its position, defendant served on plaintiff seventeen requests for admissions of facts and genuineness of documents under Rule 36. Plaintiff filed a response thereto, in which it admitted some of the requests and denied others, and another paper, headed "Objections", in which for reasons clearly stated it objected to some of the requests. The latter paper was not accompanied by "a notice of hearing the objections at the earliest practicable time", in the language of Rule 36. Such a notice does not fit our local practice in dealing with motions and is usually omitted. Local Rule 7 provides that there "shall be filed with each motion, objection or exception a brief statement of the grounds therefor, and a citation of the main authorities, if any, relied upon," that memoranda in opposition and in reply may be filed, and that "[a]ll motions, objections and exceptions shall be decided on the memoranda filed with the Clerk unless otherwise ordered by the Court, or unless either side shall in writing request a hearing." Local Rule 7 has recently been amended to add "If a hearing is requested, the motion, objection or exception will be set for hearing unless otherwise ordered by the Court." In J. R. Prewitt & Sons, Inc. v. Willimon, W.D.Mo., 20 F.R.D. 149 (1957), Judge R. Jasper Smith referred to a local rule which had eliminated, with few exceptions, oral hearings on motions, and held that this "local procedure is the equivalent of that prescribed in Rule 36(a)(2), and relieves plaintiff from formal compliance with that provision." Our Court is in accord with that decision.

Cf. United States v. Kellert, D.Conn., 101 F.Supp. 698 (1951), in which it does not appear that any local rule was involved.

Counsel for plaintiff stipulated, in different form, most of the matters of which an admission was requested, and defendant withdrew all of the disputed requests, except two, as to which the objections were overruled on the merits.

Based on the pleadings and the information so supplied, the parties have submitted for decision defendant's motion to require that the excess insurers be added as parties plaintiff.

The many claims arising out of the explosion have been settled, largely with money supplied by the excess insurers on loan receipts, pursuant to an elaborate agreement dated 10 October 1960 between plaintiff, defendant and the excess insurers. This suit has been brought in the name of the insured by an attorney engaged by the excess insurers, pursuant to paragraph 3.12 of that agreement.[1] It is stipulated that a part of any recovery herein would belong to plaintiff, but that the larger part would benefit the four excess insurers comprising the first two layers of the umbrella.

In view of paragraph 3.12, other provisions of the agreement, and the stipulated facts, it is clear that the excess insurers comprising the first two layers of the umbrella, as well as plaintiff, are real parties in interest, and that they should be made parties to the case. Rules 17, 19(a) and 21; United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381–382, 70 S.Ct. 207, 94 L.Ed. 171 (1949); Poleski v. Moore-McCormack Lines, D.Md., 21 F.R.D. 579, 582 (1958); and Neighbours v. Harleysville Mutual Casualty Co., D.Md., 169 F.Supp. 368, 372 (1959).

As this Court said in the Poleski and Neighbours cases: "Under the Federal Rules it is the better practice to make the insurance carrier an additional party plaintiff, and not to enter the case to its use. United States v. Aetna Casualty & Surety Co., supra. However, the practice in the Maryland state courts is to enter the case to the use of the insurance carrier, and counsel who practice on both sides of Calvert Street generally follow that practice in this court. Either method of complying with the rule is sufficient."

Plaintiff is hereby directed to comply with this ruling within twenty days.

---

1. "3.12 *Right of Excess Insurers to Repayment of Sum Advanced on Loan Receipt.* Inasmuch as the Umbrella Policies are for 'Excess Coverage' and Eastman has advanced $25,000.00 for payment of property damage, Eastman agrees that Excess Insurers may, at any time, in the name of Eastman, assert any rights Eastman may have to recover against U. S. F. & G. under U. S. F. & G. Liability Policy. Eastman further agrees that Excess Insurers shall have the right to direct and control, prosecute or withdraw, in the name of Eastman, any and all legal proceedings Excess Insurers may deem necessary to enforce such rights of Eastman against U. S. F. & G., and to execute, in the name of Eastman, any pleadings, orders or judgments which are necessary in connection with such legal proceedings. Excess Insurers may compromise such claim with U. S. F. & G. for any amount in excess of $25,000.00, and for any lesser amount with the consent of Eastman. All costs, expenses and fees incident to such legal proceedings shall be paid by Excess Insurers. Eastman will furnish Excess Insurers, at the sole expense of Excess Insurers, such evidence relating to the occurrence as is reasonably available to Eastman. In the event of a recovery for property damage, by adjudication or compromise, from U. S. F. & G. under the U. S. F. & G. Liability Policy, the first $25,000.00 thereof shall be paid to Eastman and any balance thereof to Excess Insurers, and the expenses necessary to such recovery shall then be apportioned between Excess Insurers and Eastman in the ratio of their respective recoveries from U. S. F. & G. as finally settled, and Excess Insurers shall remit to Eastman Eastman's net recovery after deduction of Eastman's share of said expenses."