STATE OF MARYLAND, for the Use of Gloria S. GEILS, surviving widow, and Roswell W. Geils, 3rd, Leslie Ann Geils, Mary W. Geils, Susan M. Geils, Andrew S. Geils and Sarah Geils, surviving infant children of Roswell W. Geils, Jr., deceased, and Gloria S. Geils, Administratrix of the Estate of Roswell W. Geils, Jr., deceased,

v.

BALTIMORE TRANSIT COMPANY, a body corporate, and Gerald M. Harrison.

Civ. No. 13429.

United States District Court D. Maryland.

Feb. 25, 1965.

Paul Berman, Baltimore, Md., for plaintiffs.

Patrick A. O'Doherty, and William A. Hegarty, Baltimore, Md., for defendants.

WINTER, District Judge.

This suit was originally tried in November, 1962, and resulted in a verdict for defendants. The judgment entered on the verdict was reversed by the United States Court of Appeals for the Fourth Circuit, 329 F.2d 738, and the case is before this Court on remand for a new trial.

Defendants have moved to make Hartford Accident and Indemnity Company (Hartford) a party plaintiff. It is admitted that the Compensation Board of the State of New York made a compensation award for the death of Roswell W. Geils, Jr., and that the workmen's compensation insurer is Hartford.

Plaintiffs' motion is grounded upon Rule 17 of the Federal Rules of Civil Procedure, which, insofar as pertinent here, provides:

"(a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

The award was made under the New York Workmen's Compensation Law, 64 McKinney's Consolidated Laws of New York, c. 67, § 1 et seq. Section 29, insofar as pertinent here, reads:

"§ 29. *Remedies of employees; subrogation*

1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in the case of death, his dependents, need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and at any time either prior thereto or within six months after the awarding of compensation or within nine months after the enactment of a law or laws creating, establishing or affording a new or additional remedy or remedies, pursue his remedy against such other subject to the provisions of this chapter. If such injured employee, or in case of death, his dependents, take or intend to take compensation, and medical benefits in the case of an employee, under this chapter and desire to bring action against such other, *such action must be commenced not later than six months after the awarding of compensation* or not later than nine months after the enactment of such law or laws creating, establishing or affording a new or additional remedy or remedies and in any event before the expiration of one year from the date such action accrues. *In such case, the state* insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or *insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other,* whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it *and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier.* Notice of the commencement of such action shall be given within thirty days thereafter to the chairman, the employer and the insurance carrier upon a form prescribed by the chairman." (emphasis supplied)

The quoted portion of § 29 should be contrasted with subdivision 2, not quoted, which applies when an injured employee or, in case of his death, his dependents, has taken compensation but has failed to sue within the time provided in subdivision 1. Subdivision 2 provides that in that event the failure shall operate " * * * as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable there-

from, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation." Further, subdivision 2 provides that the insurance carrier must give notice thirty days prior to the expiration of the time in which the injured employee, or his dependents, may sue, and if such notice not be given within thirty days the right of the injured employee, or dependents, to sue shall be extended until thirty days after such notice shall have been given.

The question presented for decision is whether, upon the facts and under the rule and statute quoted, Hartford is a real party in interest so that defendants, pursuant to the provisions of Rule 19(a) of the Federal Rules of Civil Procedure, may require Hartford to be made an involuntary plaintiff.

 Unquestionably, if plaintiffs recover, Hartford has a right of reimbursement under the provisions of the New York statute quoted. It is the rule in this district that where such a right of reimbursement exists, a motion on the part of a defendant to make the person entitled to reimbursement appear as a party plaintiff should be granted, Poleski v. Moore-McCormack Lines, 21 F.R.D. 579 (D.Md.1958). See also, Eastman Kodak Co. v. United States Fidelity & Guar. Co., 34 F.R.D. 490 (D.Md.1964). See also, Braun v. Hassenstein Steel Company, 21 F.R.D. 343 (D.S.D.1958); Johnson v. Standard Oil Company of California, 30 F.R.D. 329 (D. Alaska 1962).

Although the Poleski case was concerned with a motion to require joinder of the workmen's compensation carrier in a suit by a longshoreman under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., the right of an employee to sue an alleged tort feasor under that act is analogous to the right of an injured employee or his dependents to sue under the New York act. In both acts, plaintiff, if successful in his suit, has a duty to reimburse the workmen's compensation insurer. In Poleski, as in the instant case, the statutory conditions necessary to work an assignment of the cause of action had not been met. The Poleski case relies heavily upon United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), which held broadly in cases of partial subrogation that, subject only to the problems of jurisdiction which can be met under the provisions of Rule 19(b) of the Federal Rules of Civil Procedure, since both insured and insurer own portions of the substantive right, either may sue, but upon timely motion, joinder of the other may be compelled. The Poleski and Aetna cases indicate that defendants' motion should be granted.

It should be noted, however, that there are cases in other jurisdictions reaching a different result. In Strate v. Niagara Machine and Tool Works, 160 F.Supp. 296 (S.D.Ind.1958), the injured employee obtained compensation under the Indiana workmen's compensation act, and when the defendant moved to add the compensation insurance carrier as an additional party plaintiff the court looked to the rights of the compensation carrier to reimbursement from the Indiana workmen's compensation act. The Indiana act is analogous to the New York act, so that the court's conclusion that the compensation carrier was not a partial subrogee under the Indiana act and, hence, was not a real party in interest compellable as an involuntary plaintiff to appear in the litigation, is significant.

Similarly, in Race v. Hay, 28 F.R.D. 354 (N.D.Ind.1961), the original plaintiff, the injured employee, made claim and received benefits under the Illinois workmen's compensation act. When the defendant moved to join the compensation carrier as an involuntary plaintiff, the court looked to the Illinois workmen's compensation act to determine the insurer's interest in the litigation. Again, the Illinois workmen's compensation act bears some similarity to the New

York statute. Viewing the Illinois act, and decisions construing it, the court concluded that the insurer was not a real party in interest and, thus, could not be made an involuntary plaintiff. The court also noted that if Indiana law were to control its decision, it would reach the same result by following the reasoning in the Strate case, supra. To the same effect, see also, Shumate v. Wahlers, 19 F.R.D. 173 (E.D.Mich.1956); Morelli v. Northwest Engineering Corporation, 30 F.R.D. 522 (E.D.Wis.1962); King v. Cairo Elks Home Association, 145 F. Supp. 681 (E.D.Ill.1956).

The Strate and Race cases suggest that this Court should look to the law of either New York or Maryland (where the Court is sitting) to determine the substantive rights of Hartford in order to decide the motion. No decision has been cited or found arising under subdivision 1 of § 29 of the New York laws which is determinative of Hartford's rights. At most, there are decisions touching upon only the periphery of the problem. See Komlos v. Compagnie Nationale Air France, 18 F.R.D. 363 (S.D.N.Y.1955) (dictum on intervention), and Greene v. Verven, 203 F.Supp. 607 (D.Conn.1962) (an unusual case on intervention where the workmen's compensation insurer was also defendant's liability insurer). In a case arising under the Maryland law where workmen's compensation benefits have been paid, the compensation insurer would be required to be a party plaintiff, Kilgore v. Collins, 233 Md. 147, 195 A.2d 703 (1963); Maryland Rules of Procedure, Rule Q40 et seq. Maryland, however, does not apply such a rule in a conflicts of laws situation, but, rather, would look to the law of the jurisdiction in which the insurer's rights arose to determine its status as a party plaintiff, Maryland Rules of Procedure, Rule Q41(b).

This Court concludes that it should look to the law of New York only to determine the substantive rights of the insurer, State of Maryland, to Use of Carson v. Acme Poultry Corporation, 9 F.R.D. 687 (D.Del.1949) 3 Moore's Federal Practice, ¶ 17.07, p. 1330; 2 Barron and Holtzoff, Federal Practice and Procedure (Wright's Ed.) § 482, p. 8. Despite contrary constructions of comparable laws in the Strate and Race cases, this Court concludes that under New York law, Hartford has not only a right of reimbursement but, indeed, a lien on any proceeds of recovery, so that Hartford is manifestly a person for whose benefit the instant suit is brought. Poleski will be followed and applied.

Plaintiffs argue that, in any event, under a proper construction of § 29 of the New York statute, plaintiffs, within the meaning of Rule 17(a), are authorized by statute to sue in their own name without joining Hartford, so that defendant may not compel Hartford to become a party plaintiff. While there is authority to support this argument, Shumate v. Wahlers, supra, and Braun v. Hassenstein Steel Company, supra, the better reasoned view is to the contrary. See, Smallwood v. Days Transfer, Inc., 165 F.Supp. 929 (W.D.Mich.1958); Carlson v. Consumers Power Company, 164 F.Supp. 692 (W.D.Mich.1957); Carlson v. Glenn L. Martin Co., 103 F.Supp. 153 (N.D.Ohio 1952); Koepp v. Northwest Freight Lines, 10 F.R.D. 524 (D.Minn.1950); State of Maryland, to Use of Carson v. Acme Poultry Corporation, supra; 3 Moore's Federal Practice, ¶ 17.12 and ¶ 17.14; 2 Barron and Holtzoff, Federal Practice and Procedure (Wright's Ed.), § 482, p. 9. Plaintiffs' argument in regard to the effect of Rule 17(a) proceeds on the erroneous basis that the enumeration of designated classes in the rule are exclusions from, rather than illustrations of, the "real party in interest" concept and ignores the effect of Rule 19. It should be noted that this is not a case where joinder of the insurance carrier would defeat diversity jurisdiction. In that situation other considerations such as whether the carrier is an indispensable, or merely necessary,

party may become relevant. See, Morelli v. Northwest Engineering Corporation, supra; Komlos v. Compagnie Nationale Air France, supra; State of Maryland, to Use of Carson v. Acme Poultry Corporation, supra.

For these reasons, the defendants' motion will be granted and Hartford joined as a party plaintiff. Counsel may submit an order.