**Hazel STRATE**

v.

**NIAGARA MACHINE AND TOOL WORKS.**

**No. IP 58–C–7.**

United States District Court
S. D. Indiana,
Indianapolis Division,
March 28, 1958.

Ross, McCord, Ice & Miller, by R. Stanley Lawton and Geoffrey Segar, Indianapolis, Ind., for plaintiff.

Armstrong, Gause, Hudson & Kightlinger, by Erle A. Kightlinger, Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

This cause comes before the court on the following related matters:

1. The motion of the defendant, Niagara Machine and Tool Works, to add as an additional party plaintiff the American Insurance Company. Said motion was filed in this court on February 21, 1958.

2. The motion of American Insurance Co. of Newark, New Jersey for leave to intervene in the above captioned cause, said motion having been filed in this court on March 7, 1958.

3. The motion of defendant Niagara Machine and Tool Works for an extension of time within which to file its answer to plaintiff's complaint, said motion having been filed in this court on February 21, 1958.

Defendant's motion to add an additional party plaintiff in the person of the American Insurance Company is predicated upon the following grounds:

(a) At the time of the accident referred to in the plaintiff's complaint, the plaintiff was an employee of Harper J. Ransburg Co., Inc.

(b) Pursuant to the Indiana Workmen's Compensation Act, the American Insurance Co., as the Workmen's Compensation insurer of said Harper J. Ransburg Co., Inc., has paid the plaintiff's medical and hospital bills, as well as compensation for permanent and partial disability.

(c) By virtue of said payments to plaintiff, American Insurance Co. is a subrogee of plaintiff's claim against the defendant herein and as such is therefore a "real party in interest" in this proceeding within the meaning of Rule 17 (a), Federal Rules of Civil Procedure [28 U.S.C.A.].

On March 14, 1958, the plaintiff filed its "Memorandum Re Defendant's Motion to Add Additional Party Plaintiff and Motion for Leave to Intervene." In this memorandum plaintiff states that she has no objection to the petition to intervene filed by American Insurance Company and, in fact, asks the court to order such intervention. As a correlative request, said memorandum asks the court to overrule defendant's motion to Add An Additional Party Plaintiff.

In its brief in support of its motion to add an additional party plaintiff, defendant relies upon the following cases: Aetna Casualty & Surety Co. v. United States, 1949, 388 U.S. 366, 70 S.Ct. 207, 4 L.Ed. 171; Gas Service Co. v. Hunt, 10 Cir., 1950, 183 F.2d 417, and Carlson v. Glenn L. Martin Co., D.C.N.D.Ohio 1952, 103 F.Supp. 153. These cases are accurately cited by the defendant as supporting the general proposition that where an insurer has paid a claim arising out of the same subject matter as is involved in a lawsuit brought by the insured against a third party tortfeasor, and the insurer, by virtue of said payment, is by operation of law subrogated either completely or partially to the rights of the party bringing the lawsuit, the insurer is a real party in interest within the terms of Rule 17(a), Federal Rules of Civil Procedure, whose joinder can be compelled under Rule 21, Federal Rules of Civil Procedure. In each of the cited cases, the applicable law operated to subrogate the insurer to the rights of the plaintiff. In the Martin case, the defendant moved to compel the joinder of Liberty Mutual Insurance Company of Boston, Massachusetts as an additional party plaintiff. Liberty Mutual was the compensation insurance carrier of the employer of plaintiff's decedent and had assumed and paid benefits to plaintiff pursuant to the provisions of the Workmen's Compensation Law of Massachusetts. The court noted that "Under the Massachusetts Act, Ann.Laws of Mass. c. 152, § 15, it is subrogated to the right of action plaintiff now asserts to the extent of its payments." 103 F.Supp. at page 154. Thus, in the Martin case, the granting of the motion to add an additional party plaintiff was predicated,

in part at least, upon the provision of the Massachusetts Workmen's Compensation Act which, by operation of law, subrogated the insurer to the right of action which plaintiff was asserting. The Aetna case was the first of four cases decided together by the Supreme Court. In that case, an action was brought under the provisions of the Federal Tort Claims Act, 60 Stat. 842, 28 U.S.C.A. §§ 1346, 2671–2680. The complaint alleged that an employee of the Federal Reserve Bank of New York was injured as a result of the negligence of a United States Post Office Department employee. Respondent insurance carrier had insured the Federal Reserve Bank against its liability for workmen's compensation, and had duly paid the injured person's claim under the New York Workmen's Compensation Law. The complaint further alleged that the injured person had failed to commence any action against the United States within one year after the accident and that his inaction operated, according to New York law, as an assignment to the insurer of his cause of action against the United States. A footnote reference is made to § 29 of the New York Workmen's Compensation Act, which at the time the action was brought provided that if an injured employee has taken compensation but has failed to commence action against the tortfeasor within one year after the cause of action accrued, "such failure shall operate as an assignment of the cause of action against such other * * * to the * * * insurance carrier liable for the payment of such compensation." [338 U.S. 366, 70 S.Ct. 209] The complaint was dismissed by the District Court, D.C.E.D.N.Y.1948, 76 F.Supp. 333, on the grounds that the language of the Tort Claims Act was not broad enough to permit suits by a subrogee against the United States. The Court of Appeals for the Second Circuit reversed and remanded. 2d Cir., 1948, 170 F.2d 469. The Supreme Court affirmed, holding that "Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which were specifically made applicable to Tort Claims litigation, provides that 'Every action shall be prosecuted in the name of the real party in interest,' and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore's Federal Practice (2d Ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest." 338 U.S. at pages 380, 381, 70 S.Ct. at page 215.

In the Aetna case, as in the Martin case, the holdings were predicated upon the fact that the insurers were subrogees by operation of the applicable Workmen's Compensation Law. Gas Service Co. v. Hunt, supra, did not involve Workmen's Compensation and is thus distinguishable from the instant case.

In the instant case, the rights of the insurer to sue the defendant by subrogation are governed by the applicable section of the Indiana Workmen's Compensation Act. Ind.Ann.Stat. § 40–1213 (Burns' 1957 Supp.) The statute first provides that an injured employee may sue a third party tortfeasor notwithstanding the fact that he has received Workmen's Compensation benefits from his employer. It then provides that "If the injured employee or his dependents shall agree to receive compensation from the employer or accept from the employer, by loan or otherwise, any payment on account of such compensation, or institute proceedings to recover the same, *the said employer shall have a lien upon any settlement award, judgment or fund out of which such employee might be compensated from the third party.*" (Emphasis added.) Protection for the employer with regard to his statutory lien is provided by the provision that an employee forthwith give notice to his employer of the bringing of any action against a third party. The notice requirement is implemented in turn by the provision that "the employer may, at any

time thereafter, join in said action upon his motion *so that all orders of court after hearing and judgment shall be made for his protection.*" (Emphasis added.)

Read alone, the above provisions of § 40–1213 indicate that the Indiana legislature contemplated an employer joining in an action in a manner analogous to intervention as it is known in federal practice. This indication is apparent from the emphasized portion of the last provision of § 40–1213 that is quoted above. When read with the remaining provisions of § 40–1213, the above quoted provisions further indicate that the legislature intended that any "joinder" of an employer in an action brought by an employee against a third party tortfeasor should be limited to intervention, i.e., so that all orders of court after hearing and judgment shall be made for his protection with regard to his statutory lien. This conclusion is dictated by those provisions of § 40–1213 which provide that the employer may only sue the third party tortfeasor for the amount of the compensation paid the injured employee upon the happening of either of two contingencies. These are:

(1) If the employee brings an action against the third party and said action is dismissed, then the employer may commence an action in his own behalf within one year from the date of such dismissal.

(2) If the employee fails to bring action against the third party within two years after his cause of action accrues, then the employer may bring an action in his own behalf within one year from the date of expiration of the two-year limitation on the employee's cause of action.

The practical effect of these latter provisions is clear, when read with the former provisions quoted above with regard to protection of the employer's lien. If the employee brings an action within two years of the events complained of and does not dismiss same, then by operation of the maxim *expressio unius est exclusio alterius,* the employer has no right of action as against the third party and is therefore bound by any judgment rendered in the employee's action. Consequently, the employer must be content to take the procedural steps necessary to protect his lien rights with regard to any judgment which the employee might recover. He is not subrogated to the rights of the employee until the employee dismisses his action, since, under the statutory scheme of § 40–1213, the employer becomes a subrogee only upon the happening of either of the two contingencies noted.

In United States v. Aetna Casualty and Surety Co., supra, a provision of the New York Workmen's Compensation Act which is quite similar to the Indiana law was involved. In that case, it was apparent that the contingency specified in § 29 of the New York Workmen's Compensation Act had occurred. Thus, there was no question as to the insurer's status as a subrogee. In the instant case, however, neither of the two contingencies specified in Ind.Ann.Stat. § 40–1213, as noted above, have occurred. It is manifest that the insurer, American Insurance Co., stands in the shoes of the "employer," as that word is used in § 40–1213. See Employers' Liability Assurance Co. v. Indianapolis & Cincinnati Traction Co., 1924, 195 Ind. 91, 144 N.E. 615. *A fortiori,* American Insurance Co. is not a partial subrogee by operation of Indiana law at this time. It is only a potential subrogee.

 It is true that federal law governs as to who is a "real party in interest." It is equally true that under such law an insurer-subrogee is generally deemed a real party in interest. 3 Moore's Federal Practice, ¶ 17.09 (2d ed. 1948). Except when a federal right is involved, however, the substantive law to be looked to is the law of the state in which the federal district court is held. "If by the state substantive law a person has an enforceable right, he is a real party in interest for the purposes of an action in the federal court." 3 Moore's Federal Practice, ¶ 17.07 (2d ed. 1948).

The court concludes, therefore, that since American Insurance Co., by operation of Indiana law, is not a partial subrogee at this time, its rights at this time are limited to the right to intervene to protect its statutory lien on any judgment which might inure to the plaintiff. With its rights thus limited, the court holds that American Insurance Co. is not a "real party in interest" within the terms of Rule 17(a), Federal Rules of Civil Procedure and thus cannot be joined as an additional party plaintiff.

In consequence of the reasoning set forth, the court now

Overrules the motion of defendant Niagara Machine and Tool Works to add the American Insurance Co. as an additional party plaintiff, and

Sustains the motion of American Insurance Co. for leave to intervene on a limited basis so that all orders of the court after hearing and judgment shall be made for its protection, and

Sustains the motion of defendant Niagara Machine and Tool Works for an extension of time within which to file an answer to plaintiff's complaint until 15 days after the date of this entry.