Vern RACE, Plaintiff,

v.

Forest G. HAY and Andrew H. Eblen,
Defendants.

Civ. No. 2603.

United States District Court
N. D. Indiana,
South Bend Division.

June 21, 1961.

Morris, Liss, Arnold & Hennessy, Chicago, Ill., Benjamin Piser, South Bend, Ind., for plaintiff.

Roland Obenchain, Jr., South Bend, Ind., for defendants.

GRANT, District Judge.

This is an action brought for personal injuries alleged to have been sustained by the plaintiff on April 2, 1958, when the tractor-trailer unit which he was operating was struck by an ambulance owned by the defendant, Forest G. Hay, and being operated by Hay's co-defendant and employee, Andrew H. Eblen, near La-Paz, Indiana.

The matter presently before this Court is the defendant's Motion under Rule 17 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to join the Exchange Casualty and Surety Company, against which, it is asserted by the defendants, the plaintiff made claims and received benefits under the Illinois Workmen's Compensation Act. Defendants allege that Exchange Casualty has served notice upon the defendants that it claims a lien against any monies paid by them to the plaintiff.

■ Rule 17(a) of the Federal Rules of Civil Procedure provides that "Every action shall be prosecuted in the name of the real party in interest." Whether or not a person is to be considered a "real party in interest" authorities agree should be determined by the controlling substantive law. "The 'real party in interest' is the party who, by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." 2 Barron & Holtzoff Sec. 482 p. 6, (1950). Professor Moore, in his Treatise on Federal Practice, states further that:

"Except where a Federal right is involved, the substantive law to be looked to, of course, is the law of the state in which the federal district court is held. State procedural statutes are not to be followed. If, by the state substantive law a person has an enforceable right, he is a real party in interest for the purposes of an action in the federal court." 3 Moore Federal Practice 1330 (1948).

■ The rights of Exchange Casualty should be determined by a reference to the Illinois Workmen's Compensation Act under which the plaintiff made claim for and did receive benefits. The following statement, taken from Koepp v. Northwest Freight Lines, et al., D.C.Minn. 1950, 10 F.R.D. 524, 526, is in point here:

"* * * In the instant case the accident occurred in Minnesota. Consequently, the common law of Minnesota determines the injured party's substantive right to recover in tort for the negligence of the alleged tortfeasor. That is, the Minnesota substantive law of negligence determines the defendant's liability. *But plaintiff received compensation under the Wisconsin Workmen's Compensation Law. So the question of whether the insurer who paid workmen's compensation to the injured person has sufficient rights to be classed as a real party in interest so as to be joined with the injured employee as a party to the action is a question of Wisconsin law. For the Wisconsin statute is the law which gives the insurer his interest in this action.* Alexander v. Creel, D.C.W.D.Mich. [1944], 54 F. Supp. 652." (Emphasis supplied.)

Accordingly, reference will be made first to Illinois decisions, the most persuasive of which is King v. Cairo Elks Home Association, et al., D.C.E.D.Ill. 1956, 145 F.Supp. 681, a case involving facts similar to that presently before the Court. There, the plaintiff, after having brought an action against a third-party tortfeasor was faced with a Motion under F.R.Civ.P. 17(a) to require the joining of the Workmen's Compensation insurer from whom he had received benefits as provided by Illinois law. The Court, in considering the rights of the Insurer, set forth the applicable provisions of the act which it appears advisable to repeat here.

"Section (b), Paragraph 138.5, Chapter 48, Illinois Revised Statutes 1953 reads as follows:

"'(b) Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the

amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act.

" 'If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

" 'In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order.

" 'In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law, said employer may,

in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act, and cost, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability.' " 145 F.Supp. at pages 683–684.

In denying the Motion and thus holding that the Workmen's Compensation Insurer was not a "real party in interest" the Court discussed the effect of the Workmen's Compensation Act in that respect at length. A substantial portion of that discussion is set forth below:

"It is undoubtedly true as the defendants allege that the United States Fidelity and Guaranty Company does have an interest in any amount which may be recovered in the instant suit by reason of the fact that, as the compensation carrier for plaintiff's employers it was required and did pay to the plaintiff the compensation provided for by the Illinois Compensation Act, and by virtue of the statute . . . the United States Fidelity and Guaranty Company, a corporation, as subrogee of plaintiff's employers, 'may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.' The plaintiff herein, having sued for an amount far in excess of the amount he recovered under the Illinois Work-

men's Compensation Act, certainly is the real party in interest and by no stretch of the imagination could it be said that the interest of the United States Fidelity and Guaranty Company, a corporation, is greater than that of the plaintiff . . . who, if he should recover an amount reasonably close to his ad damnum, would be more interested in the outcome of the suit than would the United States Fidelity and Guaranty Company, whose proportion of the amount recovered would certainly be less than that of the plaintiff." 145 F.Supp. at pages 684–685.

"* * * Subsection (b) of Section 138.5 of Chapter 48 * * * does not contemplate that the plaintiff must join the compensation carrier as a party plaintiff, for the statute does not specifically provide that such should be done, but throughout said section provides that such actions may be brought by the employee or his personal representative and then adequately makes provisions for the protection of the employer by providing him with a lien upon any award or recovery by such employee from such third party and specifically provides, 'The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection', leaving it to the discretion of the employer as to whether or not he wants to become a party to the suit.

"* * * The statute nowhere requires that the employer must be made a party and, in the Court's opinion, the reason therefor being that the statute amply protects the employer for reimbursement out of any amount which the plaintiff may recover to the extent that the employer has made payment as provided for in the Illinois Workmen's Compensation Act and for the further reason that the statute specifically provides that the employer may at any time join in the action upon his own motion, making it discretionary with the employer whether he wishes to join or not, realizing that he is sufficiently protected if he does not join.

"* * * If the defendants are liable to the plaintiff for negligence as alleged in the Complaint, what difference does it make to the defendants whether or not the subrogee insurance carrier is a party to the suit? Only one judgment and only one satisfaction thereof could be had, and there would be no advantage to the defendants if the insurance carrier would be brought into the suit as a party plaintiff except that such action might have an emotional effect upon the jury in arriving at a verdict. The liability of the defendants is not changed nor would they, with the safeguards provided for by the statute, be required to pay more than one judgment because of the injury sustained by the plaintiff if the plaintiff, in his suit against the defendants, proved the defendants negligent as alleged in the Complaint." 145 F.Supp. at pages 684–686.

This Court holds, therefore, that under the controlling law, that of the State of Illinois, Exchange Casualty and Surety Company is not a real party in interest and thus, cannot and will not be joined as a party plaintiff herein under Rule 17(a), unless and until such joinder is sought by it rather than, as here, such joinder is sought by the original defendant, the alleged third-person tortfeasor.

Neither the plaintiff, nor the defendants herein, has asserted that Illinois law applies, but instead, have apparently based their arguments on the presumption that either Indiana law alone, Federal Procedure alone, or both, control the

disposition of this Motion. Notwithstanding the Court's conclusion that Illinois law applies, it might be stated for the record that if Indiana law were to control here the Court would be constrained to reach the same disposition of the Motion by following the well-reasoned opinion of Chief Judge Steckler of the Southern District of Indiana in Strate v. Niagara Machine and Tool Works, D.C.S.D.Ind.1958, 160 F.Supp. 296.

It Is Therefore Ordered that defendants' Motion to Join Exchange Casualty and Surety Company as Party Plaintiff, be, and the same is, hereby, denied.