LaNathan NORRIS, Plaintiff-Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.

No. 1–1281A369.

Court of Appeals of Indiana, First District.

June 30, 1982.

Rehearing Denied Aug. 18, 1982.

Howard S. Young, Jr., Young & Young, Arthur L. Payne, Indianapolis, for plaintiff-appellant.

Robert A. Fanning, Locke, Reynolds, Boyd & Weisell, Indianapolis, for defendant-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

LaNathan Norris appeals from an order of the Boone Superior Court sustaining the defendant's Motion to Dismiss plaintiff's amended complaint and entering judgment dismissing the action. We affirm.

## FACTS

LaNathan Norris was injured while operating a rock crushing machine for his employer. His employer's insurance carrier, United States Fidelity and Guaranty Co. (USF&G), paid workmen's compensation in the amount of $30,916.13. Norris then instituted an action against the manufacturer and seller of the machine which caused his injury. A pre-trial settlement was negotiated resulting in a guaranteed payment of $323,000.00 to Norris.

Plaintiff then brought a declaratory judgment action to determine his liability for repayment of the workmen's compensation payments. The third-party tortfeasors moved for a protective order as to the possible workmen's compensation lien and paid the disputed amount to the Marion County Clerk. The remainder of the settlement was paid to Norris and the case against the third-party tortfeasors was dismissed.

## ISSUE

Does Section 13 of the Indiana Workmen's Compensation Act provide a lien against the proceeds of an employee's settlement with a third-party tortfeasor for repayment of workmen's compensation payments made to the injured employee by the employer's insurance carrier?

## DISCUSSION AND DECISION

The trial court properly dismissed Norris's action for declaratory judgment.

Appellant contends that the Indiana Workmen's Compensation Act must be construed so as to provide for *pro tanto* subrogation of an employer's compensation insurance carrier's claim to the proceeds of an injured employee's settlement with a third-party tortfeasor. We disagree with the appellant's analysis of the Act.

The provisions of Ind.Code § 22–3–2–13 (1976) are at issue in this appeal. In pertinent part, the statute provides that

"[w]henever an injury or death ... shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee ... may commence legal proceedings against such other person to recover damages notwithstanding such ... employer's compensation insurance carrier's payment of or liability to pay compensation .... In such case, however, if the action against such other person is brought by the injured employee ... and judgment is obtained and paid, and accepted or settlement is made with such other person, either with or without suit, then from the amount received by such em-

ployee ... there shall be paid to the employer, or such employer's compensation insurance carrier, the amount of compensation paid to such employee ....

. . . .

If the injured employee ... shall agree to receive compensation from the ... employer's compensation insurance carrier or to accept from the ... employer's compensation insurance carrier, by loan or otherwise, any payment on account of such compensation, or institute proceedings to recover the same, the said ... employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which such employee might be compensated from the third party."

It is the character of the lien granted the employer's compensation insurance carrier which is in dispute.

Appellant Norris contends that the lien granted the compensation carrier is an equitable subrogation to the recovery of the injured employee, which necessitates a settlement for the full value of the claim prior to the compensation carrier's receipt of any payment. In the alternative, the appellant argues that even if full recovery is not mandated prior to repayment of workmen's compensation funds, there must be at least a pro-rata distribution of the injured employee's settlement. Appellee insurance carrier contends that the lien provision does not result in a subrogation. For the reasons stated below, we feel the appellee's argument presents the better view.

■ Ind.Code § 22–3–2–13 provides the employer, or, as in this case, the employer's compensation insurance carrier two possible avenues by which to seek repayment from the negligent third-party tortfeasor for workmen's compensation paid the injured employee. Where the employee commences an action which is later dismissed, the statute provides that

"[s]aid employee ... shall institute legal proceedings against such other person for damages, within two (2) years after said cause of action accrues. If, after said proceeding is commenced, the same is dismissed, the ... employer's compensation insurance carrier, having paid compensation or having become liable therefor, may collect in [its] own name, or in the name of the injured employee, ... from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee .... The ... employer's compensation insurance carrier may commence such action at law for such collection against the other person in whom legal liability for damages exists, not later than one (1) year from the date said action so commenced has been dismissed, notwithstanding the provisions of any statute of limitations to the contrary."

Where the employee fails to commence an action within the statutory period, the employer's compensation insurance carrier may also bring suit to collect the amount of compensation paid the injured employee.

"If said employee ... shall fail to institute legal proceedings against such other person for damages within two (2) years after said cause of action accrues, the ... employer's compensation insurance carrier, having paid compensation, or having been liable therefor, may collect in [its] own name or in the name of the injured employee, ... from the other person in whom legal liability for damage exists, the compensation paid or payable to the injured employee, ... and the employer's compensation insurance carrier may commence such action at law for such collection against such other person in whom legal liability exists, at any time within one (1) year from the date of the expiration of the two (2) years when said action accrued to said injured employee, ... notwithstanding the provisions of any statute of limitations to the contrary."

However, where suit is commenced under the provisions of the Act and brought to a successful conclusion by judgment or, as in

this case, pre-trial settlement, neither equitable nor *pro tanto* subrogation is involved.

Where the employer's compensation insurance carrier is precluded from bringing a separate action to recover payments made, because of the employee's successful action, the carrier is not deemed to be a subrogee. In *Strate v. Niagara Machine & Tool Works*, (S.D.Ind.1958) 160 F.Supp. 296, the District Court for the Southern District of Indiana analyzed Ind.Code § 40–1213 (1957), which is for purposes of this appeal substantially identical to the present enactment of the Workmen's Compensation *Act*.[1] There the third-party tortfeasor moved to join the compensation insurance carrier as an additional party plaintiff. In refusing to join the insurance carrier, the court noted that the employer or its compensation insurance carrier "is not subrogated to the rights of the employee until the employee dismisses his action, since, under the statutory scheme of § 40–1213, *the employer becomes a subrogee only upon the happening of either of the two contingencies noted.*" *Id.* at 299 (emphasis supplied). Those two contingencies, as previously indicated, involve cases in which suit is commenced by the employee and then dismissed and in which suit is never commenced within the allotted statutory period of time.

> "If the employee brings an action with two years of the events complained of and does not dismiss same, then by operation of the maxim *expressio unius est exclusio alterius*, the employer has no right of action as against the third party and is therefore bound by any judgment rendered in the employee's action."

*Id.* Only where the insurance carrier may bring suit in its own right is subrogation of the carrier's interest at issue. As the court in *Strate* implicitly indicated, where the employer's compensation insurance carrier is precluded from bringing suit by a settlement or judgment obtained by the injured employee against a third-party tortfeasor, subrogation is not at issue. *See also* Vargo

& Leibman, *Survey—Products Liability*, 12 Ind.L.Rev. 227, 247–48 (1979). The insurance carrier may protect itself via the lien provisions of the Act and is thus a lienholder, but is not a subrogee. As a lienholder, the carrier would be entitled to recover for the full value of the lien.

Appellate cites a number of cases which purport to support his position that *pro tanto* subrogation must be clearly and unequivocally called for. However, we do not reach the merits of this contention because of our decision that subrogation is not involved under the facts of this case. Appellant also contends that only a *pro rata* recovery should be allowed the compensation carrier because Norris only recovered one quarter to one third of the value of his action via settlement. This construction of the settlement agreement is without merit. Injured employees could conceivably prevent recovery by the compensation carrier by making such an allegation. Here, Norris settled his action against the third-party tortfeasor for what he felt he could get. Norris got the full value of what he bargained for and cannot now be heard to complain that the settlement was for less than the actual value of the action.

■ Finally, appellant alleges that as equitable subrogation should be applied, the doctrines of equitable discretion should also apply to bar repayment where the employer has "unclean hands" because of its own negligence. Again, as we have previously stated, subrogation—equitable or otherwise—does not apply in cases in which the employee successfully concludes an action under Ind.Code § 22–3–2–13. This position is borne out by other commentators. In analyzing the interaction between Ind.Code § 22–3–2–13 and Ind.Code § 33–1–1.5–4(b)(2), a section regarding defenses to strict liability actions in tort, these commentators noted that

> "Because of the workmen's compensation statute, the employer must pay compen-

1. The primary difference is the addition of current paragraph eight (8).

satory benefits to the injured employee. If the employee fails to bring his own action against the manufacturer of the defective product within two years of his injury, the manufacturer may under the workmen[']s compensation statute bring an action either in the employee's name apparently as a subrogee or in his own name as a direct claimant. Section 4(b)(2) would appear to bar such employer actions where the employer's misuse of the product was a concurrent cause of the employee's injury.

On the other hand, if the employee does bring his action timely and recovers, the workmen's compensation statutes gives the employer a lien to the extent of his workmen's compensation benefits against the employee's judgment or settlement. In this case, the employer would appear to be neither a subrogee or [sic] claimant but a lienholder, and section 4(b)(2) would seem not to operate to bar his recovery even if he were a concurrent misuser."

Vargo & Leibman, *Survey—Products Liability*, 12 Ind.L.Rev. 227, 247–48 (1979) (footnote omitted). Vargo and Leibman also note that the status of the compensation carrier under Ind.Code § 22–3–2–13 is that of a lienholder and not of a subrogee, as did the district court in *Strate*. Therefore we affirm the action of the trial court in dismissing appellant Norris' action for declaratory judgment.

Affirmed.

NEAL and ROBERTSON, JJ., concur.