**DEPARTMENT OF PUBLIC WELFARE, State of Indiana, Defendant-Appellant,**

**v.**

**Lula J. TYREE and Transamerica Insurance Company, Plaintiffs-Appellees,**

**Jessica Lynn Fithian; Maxine Brown Aldridge, Guardian of the Person and Estate of Jessica Lynn Fithian; Maxine Brown Aldridge, Administratrix of the Estate of Linda K. Fithian, Deceased; Theodore C. Fithian; Deaconess Hospital; St. Joseph Hospital; Huntingburg Convalescent Center and Gibson General Hospital, Defendants-Appellees.**

**No. 63A01–8703–CV–54.**

Court of Appeals of Indiana, First District.

Sept. 14, 1987.

Rehearing Denied Nov. 5, 1987.

---

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for defendant-appellant.

Russell E. Mahoney, Petersburg, for plaintiff-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Indiana Department of Public Welfare (DPW), appeals the Pike Circuit Court's grant of a summary judgment denying a Medicaid lien on settlement proceeds obtained by cross-claimant-appellee, Maxine Brown Aldridge, Administratrix of the Estate of Linda K. Fithian, deceased (the Estate).

We reverse.

## STATEMENT OF THE FACTS

On February 9, 1984, Linda K. Fithian and her daughter, Jessica Lynn Fithian, were injured in an automobile accident caused by Lula J. Tyree. Linda K. Fithian ultimately died as a result of her injuries. On September 16, 1985, Tyree and her insurer, Transamerica Insurance Company (Transamerica), filed a complaint seeking declaratory relief. The complaint averred that Tyree's automobile liability policy had limits for bodily injury or death of $25,000.00 per person and $50,000.00 per accident. The complaint also related that a settlement had been reached whereby Transamerica would pay Aldridge, who had been named guardian of Jessica and administratrix of the Estate, $50,000.00, to be divided evenly between Jessica and the Estate. In return Tyree and Transamerica would be released from all further claims. The prayer for relief asked the trial court to discharge Tyree and Transamerica from all liability upon making payment, require Aldridge to execute releases, and require the defendants to interplead and determine their respective rights to the settlement proceeds. Named as defendants were: Jessica Lynn Fithian; Aldridge, as both guardian of Jessica and administratrix of the Estate; Theodore C. Fithian, Linda's husband; DPW, which had paid for Linda's

medical treatment; and several health-care providers. DPW was named as a defendant because it had filed a lien for $59,-984.90, representing the amount DPW had paid for medical assistance on Linda Fithian's behalf. The Estate then filed a cross-claim against DPW and the health-care providers, alleging that none of the settlement proceeds were being recovered for medical, hospital, funeral, or burial expenses, but were for the support of Linda Fithian's two dependent children. The trial court ordered the settlement proceeds deposited in an interest-bearing account, and one-half of the funds were later paid to Jessica Fithian in settlement of her personal injury claim against Tyree and Transamerica. DPW did not object to this disbursement because it had not made any expenditures on Jessica Fithian's behalf.

Both DPW and the Estate moved for summary judgment. DPW claimed that its lien entitled it to all the funds in the account, and, because none of the proceeds could pass into the Estate until DPW's lien was satisfied, the statutes concerning claims against an estate were inapplicable. The Estate maintained that DPW's lien was unenforceable because Linda Fithian was survived by two dependent children and also because DPW had failed to deny the Estate's allegation in its cross-claim that none of the settlement proceeds were being sought for medical, hospital, funeral, or burial expenses. Following a hearing on the motions, the trial court granted summary judgment in favor of the Estate, prompting DPW to institute this appeal.

### ISSUE

DPW presents the following issue, as restated by us, for our review:

Whether DPW is entitled to recover its lien, minus attorney fees and a pro rata share of the costs, from the settlement proceeds because the statutes pertaining to claims against an estate are inapplicable.

### STANDARD OF REVIEW

Our standard of review in an appeal from a summary judgment is well established.

We ascertain whether the pleadings, affidavits, answers to interrogatories, responses to requests for admission, and depositions, when read in the light most favorable to the non-moving party, reveal any genuine issues of material fact, and if not, whether the trial court correctly applied the law. *Shallenberger v. Scoggins-Tomlinson, Inc.* (1982), Ind.App., 439 N.E.2d 699. In performing our function of review we stand in the position of the trial court and consider the same matters as it does. *Moll v. South Central Solar Systems, Inc.* (1981), Ind. App., 419 N.E.2d 154.

### DISCUSSION AND DECISION

DPW argues that it has a valid, enforceable lien against the settlement proceeds because the statutes concerning recovery against an estate are inapplicable to the circumstances of the case.

Pursuant to 42 U.S.C.A. § 1396a(a)(25)(A) and (B), the State or local agency administering the medical assistance plan has an affirmative duty to:

take all reasonable measures to ascertain the legal liability of third parties (including health insurers) to pay for care and services available under the plan ... [and] ... in any case where such legal liability is found to exist after medical assistance has been made available on behalf of the individual and where the amount of reimbursement the State can reasonably expect to recover exceeds the costs of such recovery, the State or local agency will seek reimbursement of such assistance to the extent of such legal liability.

The vehicle by which DPW is to obtain reimbursement from liable third parties is IND.CODE 12–1–7–24.6, which provides in pertinent part:

(a) Whenever:

(1) the department pays medical expenses for or on behalf of a person who has been injured or has suffered an illness or disease as a result of the negligence or act of another person; and

(2) the injured or diseased person asserts a claim against the other person for dam-

ages resulting from the injury, illness, or disease; the department has a lien against the other person, to the extent of the amount paid by the department, on any recovery under the claim, whether by judgment, compromise, or settlement.

(b) Whenever:

(1) the department pays for medical expenses or renders medical services on behalf of a person who has been injured or has suffered an illness or disease; and

(2) that person asserts a claim against any insurer as a result of his injury, illness, or disease;

the department has a lien against the insurer, to the extent of the amount paid by the department, on any recovery from the insurer.

Nevertheless, restrictions and limitations on DPW's authority exist. With respect to liens and recoveries, 42 U.S.C.A. § 1396a(a)(18) requires DPW to comply with 42 U.S.C.A. § 1396p, which provides in pertinent part as follows:

(a) Imposition of lien against property of individual on account of medical assistance rendered to him under State plan

(1) No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan, except—

(A) pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual, or

(B) in the case of the real property of an individual—

(i) who is an inpatient in a skilled nursing facility, intermediate care facility, or other medical institution, if such individual is required, as a condition of receiving services in such institution under the State plan, to spend for costs of medical care all but a minimal amount of his income required for personal needs, and

(ii) with respect to whom the State determines, after notice and opportunity for a hearing (in accordance with procedures established by the State), that he cannot reasonably be expected to be discharged from the medical institution and to return home,

except as provided in paragraph (2).

(2) No lien may be imposed under paragraph (1)(B) on such individual's home if—

(A) the spouse of such individual,

(B) such individual's child who is under 21, or (with respect to States eligible to participate in the State program established under subchapter XVI of this chapter) is blind or permanently and totally disabled, or (with respect to States which are not eligible to participate in such program) is blind or disabled as defined in section 1382c of this title, or

(C) a sibling of such individual (who has an equity interest in such home and who was residing in such individual's home for a period of at least one year immediately before the date of the individual's admission to the medical institution),

is lawfully residing in such home.

(3) Any lien imposed with respect to an individual pursuant to paragraph (1)(B) shall dissolve upon that individual's discharge from the medical institution and return home.

(b) Adjustment or recovery of medical assistance correctly paid under State plan

(1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except—

(A) in the case of an individual described in subsection (a)(1)(B) of this section, from his estate or upon sale of the property subject to a lien imposed on account of medical assistance paid on behalf of such individual, and

(B) in the case of any other individual who was 65 years of age or older when he received such assistance, from his estate.

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any, and only at a time—

(A) when he has no surviving child who is under age 21, or (with respect to States eligible to participate in the State program established under subchapter XVI of this chapter) is blind or permanently and totally disabled, or (with respect to States which are not eligible to participate in such program) is blind or disabled as defined in section 1382c of this title; ....

The Indiana counterpart to the federal statute is IND.CODE 12–1–7–25, which is as follows:

On the death of a recipient of medical assistance under the provisions of sections 14.9 through 53 of this chapter, the total amount of medical assistance paid after he became sixty-five (65) years of age shall be allowed as a preferred claim against the estate of such person in favor of the state, after funeral expenses for recipient and his or her spouse, not to exceed in each individual case three hundred fifty dollars ($350) and such expenses of the last illness of recipient and spouse as are authorized or paid by the state department, and after the expenses of administering the estate, including the attorney's fees approved by the court, have been paid. No claim shall be enforced against the following:

(a) Real estate of a recipient for the support, maintenance, or comfort of the surviving spouse, a dependent child under age twenty-one (21) or a dependent who is nonsupporting because of blindness or other disability.

(b) Personal property necessary for the support, maintenance, or comfort of the surviving spouse, a dependent child under age twenty-one (21) or a dependent who is nonsupporting because of blindness or other disability.

(c) Personal effects, ornaments, or keepsakes of the deceased.

Also relevant to the resolution of this cause is IND.CODE 34–1–1–2, the wrongful death statute, which provides:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to a funeral director or funeral home for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin surviving him or her, the measure of damages to be recovered shall be the

total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.

The Estate argues the settlement proceeds are personal property, and DPW is precluded by 42 U.S.C.A. § 1396p and IND. CODE 12-1-7-25 from making any recovery for medical assistance so long as there are dependent children under the age of 21. It claims that the restrictions and limitations in those statutes apply to liens on property in the form of the liability of or payment in settlement thereof by third-party tortfeasors. We disagree.

Careful reading of the two statutes reveals that the restriction on the lien or other recovery of payments for medical assistance applies to the property or assets of the recipient's estate in the enumerated circumstances. It is clear that the restriction precludes recovery from the recipient's property so long as either the recipient is alive or the recipient is survived by a spouse and/or dependent minor children. The reason for this restriction is obvious; the property is necessary for their care and maintenance. However, the statutes are silent as to recovery from the proceeds of a wrongful death claim.

 Contrary to the Estate's argument, proceeds from a wrongful death claim are neither personal property of the decedent nor assets of an estate. Damages recovered in a wrongful death action belong to the persons mentioned in the statute, and the damages are not subject to the debts of the decedent. *Fink v. Peden* (1938), 214 Ind. 584, 17 N.E.2d 95. The decedent's personal representative, who is exclusively authorized by the statute to bring the wrongful death suit, is not acting as an administrator of the decedent's estate, but as a trustee for those entitled to the damages arising from such action. *Pettibone v. Moore* (1945), 223 Ind. 232, 59 N.E.2d 114. Damages recoverable in such an action include medical and hospital expenses, and the damages are not apportioned among the persons entitled to them, but are recovered in a lump sum and distributed according to the statute. *Northern Indiana Power Co. v. West* (1941), 218 Ind. 321, 32 N.E.2d 713. Again, IND. CODE 34-1-1-2 provides:

That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense *shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any,* shall ... inure to the exclusive benefit of the [surviving dependents].... [Emphasis added.]

The quoted portion of the wrongful death statute reflects that a claim for medical and hospital expenses has priority over the claims of any surviving dependents. *See Yelton v. The Evansville and Indianapolis Railroad Co.* (1892), 134 Ind. 414, 33 N.E. 629; *Thomas v. Eads* (1980), Ind. App., 400 N.E.2d 778. Because a personal representative in a wrongful death action is a trustee for those entitled to the damages, an affirmative duty exists under the statute to pay the medical and hospital expenses, which in the instant case would include DPW's lien. Thus, the restrictions set forth in 42 U.S.C.A. § 1396p and IND. CODE 12-1-7-25 are inapplicable to this case. DPW has the right to enforce its lien pursuant to 42 U.S.C.A. § 1396a(a)25 and IND.CODE 12-1-7-24.6.

Our conclusion is not altered by the fact that the Estate averred in its cross-claim that no part of the settlement proceeds was being recovered for the payment of medical and hospital expenses. Such a claim was made in *Norris v. United States Fidelity and Guaranty Co.* (1982), Ind.App., 436 N.E.2d 1191, *trans. denied.*

In *Norris,* a workmen's compensation recipient obtained a settlement from the third-party tortfeasor. The recipient's insurance carrier then brought suit against the recipient to enforce its statutory lien for payments made under workmen's compensation. The recipient argued that he had settled his claim against the tortfeasor for only a third of its value, and that the full value of a claim must be realized before a workmen's compensation carrier had

a right to enforce its statutory lien on the settlement proceeds. In the alternative, the recipient argued that at least a pro rata distribution was in order. The court rejected both arguments, stating:

This construction of the settlement agreement is without merit. Injured employees could conceivably prevent recovery by the compensation carrier by making such an allegation. Here, Norris settled his action against the third-party tortfeasor for what he felt he could get. Norris got the full value of what he bargained for and cannot now be heard to complain that the settlement was for less than the actual value of the action.

436 N.E.2d at 1194.

While *Norris* was a workmen's compensation case, and not wrongful death, the similarities are inescapable. In each case a statutory lien existed against settlement proceeds from a third-party tortfeasor. The *Norris* court held that the lienholder's right to recover the full value of its lien was not subrogated to the recipient's. 436 N.E.2d at 1195. Under the wrongful death statute there are no separate damage awards; the damages are recovered in a lump sum and are then distributed to the persons entitled to them. Pursuant to the wrongful death statute the medical, hospital, funeral, and burial expenses have a priority, and they cannot be bargained away on behalf of the other interested persons.

The Medicaid lien statute, IND.CODE 12–1–7–24.6, entitles DPW to recover the full value of its lien from the settlement proceeds remaining in the account, less the statutorily required attorney fees and DPW's pro rata share of the costs.

Accordingly, the judgment of the trial court is reversed, and the trial court is directed to enter judgment for DPW.

Judgment reversed.

ROBERTSON and HOFFMAN, JJ., concur.