**DEPARTMENT OF PUBLIC WELFARE,**
State of Indiana, Appellant–
Defendant,

v.

**Jerry Wayne COUCH, Appellee–Plaintiff.**

No. 27A02–9103–CV–101.

Court of Appeals of Indiana,
Fifth District.

Feb. 10, 1992.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-defendant.

Edgar W. Bayliff, Bayliff, Harrigan, Cord & Maugans, P.C., Kokomo, for appellee-plaintiff.

RUCKER, Judge.

The Department of Public Welfare (DPW) appeals the trial court's decision in favor of Jerry Wayne Couch (Couch). On a complaint for declaratory judgment the trial court determined DPW's medical lien against proceeds Couch received from a settlement of a personal injury claim was subject to the Comparative Fault Act. The sole issue presented for our review is whether the trial court erred in reducing DPW's claim.

We reverse.

The facts of this case are not in dispute. Couch was seriously injured after being struck by an automobile driven by Gadberry. A breathalyzer test indicated that at the time of the collision Gadberry had a blood alcohol content of .12%. Gadberry claimed, among other things, that a non-party defendant, a liquor store owner, was partly at fault for Couch's injuries for selling alcoholic beverages to Gadberry, who was nineteen (19) years old at the time of the accident. Additional facts indicated Couch may also have been partially at fault: Couch was riding a bicycle the wrong way on a one-way street, the accident occurred at night and Couch's bicycle did not have a headlamp as required by statute, and Couch had been drinking.

Couch was hospitalized and received medical care for his injuries. Under provisions of the Hospital Care for the Indigent Act (HCI), Ind.Code § 12–5–6–2.1, DPW paid Thirty–Three Thousand Eight Hundred Eighty–One Dollars and Forty–Nine Cents ($33,881.49) of Couch's medical expenses. Subsequently, DPW filed a lien against Couch in that amount.

Couch initiated a civil action against Gadberry for negligence. Gadberry carried liability insurance in the amount of One Hundred Thousand Dollars ($100,000.00) but had no other significant assets. After pretrial conference and shortly before trial, the matter was settled for Eighty Thousand Dollars ($80,000.00).

Thereafter, Couch filed a complaint for declaratory judgment asking the trial court to determine what portion of the lien was to be awarded to DPW. In his complaint, Couch alleged he sustained damages of not less than $250,000.00 and that a jury might reasonably have assessed damages in the amount of $500,000.00.

On written request by Couch, the trial court entered special findings of facts in support of its conclusions and judgment, and relying on provisions of the Indiana Comparative Fault Act, Ind.Code § 34–4–33–1 *et seq.*, determined Couch recovered only eight twenty-fifths (8/25) of his claim. The trial court ordered DPW's lien reduced proportionately and it is from this decision DPW appeals.

We first note the deferential standard of review we must employ in this case. Upon written request by a party prior to the admission of evidence, a court must make special findings which contain all of the facts necessary for recovery by a party in whose favor conclusions of law are found. *Dahnke v. Dahnke* (1989), Ind. App., 535 N.E.2d 172, *reh. denied.* Their purpose is to serve as a theory of the

judgment. *Willett v. Clark* (1989), Ind. App., 542 N.E.2d 1354. Where, as here, the trial court enters special findings we apply a two-tiered standard of review. *W & W Equipment Co., Inc. v. Mink* (1991), Ind.App., 568 N.E.2d 564, *trans. denied.* We first determine whether the evidence supports the findings and then determine whether the findings support the judgment. *Id.* Special findings and the judgment flowing therefrom will be set aside only if they are clearly erroneous. *Id.*, Ind.Trial Rule 52(A). A finding is clearly erroneous if the record is devoid of facts or inferences to support it. *Kaminszky v. Kukuch* (1990), Ind.App., 553 N.E.2d 868, *trans. denied.* A judgment is clearly erroneous when unsupported by the findings of fact and conclusions on which the findings are based. *DeHaan v. DeHaan* (1991), Ind. App., 572 N.E.2d 1315, *reh. denied.*

In the case before us, the trial court's findings recount the facts underlying Couch's negligent action and continue as follows:

11. That, under the foregoing circumstances, there was a high probability that pursuant to the Indiana Comparative Fault Act, I.C. 34–4–33, the jury would have assigned a substantial percentage of fault to [Couch] which percentage of fault would have diminished whatever amount the jury would have determined to be [Couch's] damages.

12. That there was some possibility that the jury would assign some percentage of fault to the non-party [liquor store owner] which assignment would have reduced further the amount of [Couch's] recovery.

13. That there were (sic) some possibility that the jury would determine that the fault of [Couch] exceeded the fault of [Gadberry], in which event [Couch] would have made no recovery.

14. That a settlement agreement was reached between the liability insurer of Gadberry and [Couch] of the claims against Gadberry for the sum of eighty thousand dollars ($80,000.00).

15. That it was reasonable for [Couch] to settle his claim against Gadberry for the sum of eighty thousand dollars ($80,000.00) because of the one hundred thousand dollar ($100,000.00) liability policy limits and the presence of liability problems which might have resulted in a zero verdict.

16. That the defendant Department of Public Welfare paid the sum of thirty three thousand eight hundred eighty-one dollars and forty-nine cents ($33,881.49) of medical expenses incurred by [Couch] in the treatment of injuries growing out of the collision of March 29, 1988.

\*   \*   \*   \*   \*   \*

*Conclusions*

22. That I.C. 34–4–33–12 provides that, in the event the claim of a personal injury victim is diminished by comparative fault or by lack of financial responsibility of the tort-feasor to pay the full amount of damages, the claim of any lienholder shall be diminished proportionately to the amount the victim's claim is diminished, and said statute is applicable to this controversy.

23. That [Couch], in recovering a total of eighty thousand dollars ($80,000.00) for damages worth at least two hundred fifty thousand dollars ($250,000.00), has recovered no more than eight twenty-fifths ($\frac{8}{25}$) of the full value of his claim.

24. That, by the same token, the defendant should recover only eight twenty-fifths ($\frac{8}{25}$) of the amount of its lien of thirty-three thousand eight hundred eighty-one dollars and forty-nine cents ($33,881.49)....

*Record* at 185–87. The trial court then entered judgment.

The findings in this case are supported by the evidence; the matter was submitted to the court upon stipulated facts which are not challenged on appeal. However, the validity of the trial court's conclusion and judgment is dependent on whether DPW's medical lien was properly reduced by provi-

sions of Indiana's Comparative Fault Act which dictates in pertinent part:

> If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:
>
> (1) by comparative fault; or
>
> (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;
>
> the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata of the claimant's attorney's fees and litigation expenses.

Ind.Code § 34–4–33–12.

In Couch's underlying negligence action against Gadberry, there were no findings of fact made by a jury or a judge, no assessment of damages, and no apportionment of fault. Instead, Couch opted to settle his action against Gadberry for Eighty Thousand Dollars ($80,000.00).

■ The law in this jurisdiction is well settled that in the absence of fraud or mistake a settlement is as binding and conclusive of the parties' rights and obligations as a judgment on the merits. *Burke v. Middlesworth* (1930), 92 Ind.App. 394, 174 N.E. 432. Once a litigant agrees to settle a claim, and receives that amount, he cannot "be heard to complain that the settlement was for less than the actual value of the action." *Norris v. United States Fidelity and Guaranty Co.* (1982), Ind.App., 436 N.E.2d 1191, 1194.

■ In the case before us there is no allegation of fraud or mistake. Thus, Couch is bound by the settlement. Couch's assertion, and the trial court's finding, that Couch's damages "were in a sum of not less than $250,000.00" is of no consequence in determining whether a fact finder would have allowed recovery in that amount. Neither the trial court, nor this court may speculate on the total amount of damages a trier of fact may have awarded if a case had proceeded to trial. In like fashion, neither the trial court nor this court may speculate on the percentage of fault, if any, a trier of fact may have assigned to Couch, Gadberry or a nonparty. Indeed, the trial court's own Finding No. 13 indicates that there was a possibility a jury would determine Couch's fault exceeded the fault of Gadberry thereby resulting in no recovery for Couch under terms of the Comparative Fault Act.

Section 5(a) and (b) of the Comparative Fault Act sets forth a detailed prescription for the manner in which damages are awarded to a claimant when an action based on fault is tried to jury. Ind.Code § 34–4–33–5. Those details include a determination of the percentage of fault attributed to a claimant, the defendant(s) and any nonparty. Where the matter is tried to the court without a jury, "the court shall make its award of damages according to the principles specified in subsections (a) and (b) for juries." I.C. § 34–4–33–5(c).

In the case before us, there was no trial of the underlying claim. Hence, there was no proper determination of fault or the amount of damages as anticipated by the Act. The trial court erred in concluding Couch's claim for damages was diminished by comparative fault.

Couch argues that even if this court would find, as we do, that Couch's claim was not diminished by comparative fault, Section 12 of the Comparative Fault Act nonetheless applies because Couch's claim was diminished due to "uncollectibility ... resulting from limited liability insurance or from any other cause." I.C. § 34–4–33–12(2). We disagree.

Couch's argument for applying the Comparative Fault Act to this case via paragraph two (2) of Section 12 fails for two reasons. First, because Couch settled his claim, its value was not diminished; rather,

the value of his claim was the amount for which Couch settled, *Norris, supra,* namely: $80,000.00. Second, even if it could be reasonably argued that Couch's claim of "at least two hundred fifty thousand dollars $250,000.00" was "diminished," it was not diminished as a result of uncollectibility due to limited liability insurance. Gadberry had an insurance policy limit of $100,000.00. Hence, any diminishment of Couch's claim was a direct result of Couch's decision to accept a settlement amount for less than the full policy limits. Paragraph two (2) of Section 12 of the Comparative Fault Act does not apply to this case.

DPW asserts it is entitled to $33,881.49, which represents the full amount of its lien. We agree.

The Hospital Care to the Indigent Act provides in pertinent part:

(a) Whenever:

(1) the [DPW] pays medical expenses for or on behalf of a person who has been injured ... the [DPW] has a lien against the other person, to the extent of the amount paid by the department, or any recovery under the claim, whether by judgment, compromise, or settlement.

(b) Whenever:

(1) the [DPW] pays medical expenses for or on behalf of a person who has been injured ... the [DPW] has a lien against the insurer, to the extent of the amount paid by the department, on any recovery from the insurer.

Ind.Code § 12–1–7–24.6. This court has upheld the plain meaning of the language of this statute, *Indiana Dept. of Public Welfare v. Guardianship of McIntyre* (1984), Ind.App., 471 N.E.2d 6, 9, and has determined that under the statute the DPW is entitled to the full amount of its lien minus attorneys fees. *Indiana Dept. of Public Welfare v. Larson* (1985), Ind. App., 486 N.E.2d 546, *trans. denied.*

Couch argues the later enacted Section 12 of the Comparative Fault Act, which provides that a claim or other lien is dimin-ished by comparative fault, supersedes I.C. § 12–1–7–24.6 and the authority interpreting the statute is no longer good law. We need not here determine whether damages properly awarded in accordance with I.C. § 34–4–33–5 are subject to the HCI lien provision. In the case before us, there was no proper determination of fault or the amount of damages as anticipated by the Comparative Fault Act.

The trial court's judgment in this case is unsupported by the findings of fact and is therefore clearly erroneous. We must reverse the judgment and remand this cause to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RATLIFF, C.J., concurs.

SULLIVAN, J., concurs in result.